SAMUEL, Judge.
This is an appeal by third party plaintiffs, defendants in suit, from a judgment main *97 taining an exception of no cause of action and dismissing their third party demand.
The original suit seeks recovery under a retrospective penalty premium indemnity policy issued by the defendant Lloyd’s through its local agent, the other defendant Fisk. Those portions of the original petition which are pertinent to the issue involved in this appeal allege: In June, 1958 one of the plaintiffs obtained standard workmen’s compensation and liability coverage for a term of one year from American Mutual Liability Insurance Company. On October 1, 1958 the policy was changed to a retrospective type policy under a three year plan with a buffer clause permitting adjustments in premiums on the basis of the loss experience during those years. Shortly after October 1, 1958 the same plaintiff obtained the retrospective penalty premium indemnity policy upon which the suit is based. Three certificates/each for one year were issued under the latter contract and both plaintiffs were combined and covered after the first year. As a result of the two year combined penalty adjustment a premium adjustment was due in the sum of $4,757.00 on the workmen’s compensation and liability policy and therefore under the penalty premium indemnity policy. Recovery of this amount is sought by the original suit.
The defendants filed an answer denying liability under the contention that a two year combined penalty premium adjustment cannot result from the one year contracts in question. They also filed a third party petition against Paul J. Leaman, Jr. and Leaman & Reynolds Insurance Agency, Inc., who as insurance agents for the plaintiffs had obtained for them the penalty premium indemnity policy from Fisk. The third party petition contains only two allegations which appellants rely upon as setting out a cause of action. It alleges that Paul J. Leaman, Jr., the vice president of Leaman & Reynolds Insurance Agency, Inc. did not inform either Fisk or Lloyd’s that the American Mutual policy had been rewritten as a three year retrospective plan policy although that fact was known to Paul J. Leaman, Jr. and that the third party defendants verbally advised Fisk to ignore any correspondence which might indicate that the American Mutual Policy had been rewritten on a three year basis.
The third party demand is founded on the theory of tort rather than contract; there was no contractual relationship between third party plaintiffs and third party defendants and no duty owed by the latter to the former. We are thus presented with the question of whether the demand alleges a cause of action against the third party defendants resulting from their activities, or absence thereof, as agents of the original plaintiffs.
It is a well settled principle of Louisiana jurisprudence that “ * * * No man increases or diminishes his obligations to strangers by becoming an agent”. Delaney v A. Rochereau & Co., 34 La.Ann. 1123. Agents are responsible to third persons only for the commission of those positive wrongs for which they would otherwise be accountable in their individual capacities under the obligations common to all other men. Southwestern Sugar & Molasses Co. v. Industrial Molasses Corp., La.App., 135 So.2d 481; First Federal Sav. & Loan Ass’n. v Continental Equity Life Ins. Co., La.App., 124 So.2d 802; Washington v. T. Smith & Son, La.App., 68 So.2d 337.
We are of the opinion that neither allegation states a’ cause of action. Any liability on the part of third party defendants as agents can be interposed as a defense to the original demand but cannot form the basis of a separate cause of action against those defendants. Their negligence, if any, is imputable to the original plaintiffs and could serve only as a bar to recovery by the latter.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.