242 So.2d 363 (1970)
Bennie Lee SAMPSON, Plaintiff-Appellant,
v.
Joseph SCHULTZ et al., Defendants-Appellees,
LaSalle National Insurance Company, Intervenor-Appellee.
No. 11531.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1970.
Ike F. Hawkins, Jr., Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley by Richard H. Switzer, Shreveport, for defendants-appellees.
Mayer & Smith by Alex F. Smith, Jr., Shreveport, for intervenor-appellee.
Before AYRES, DIXON, and HEARD, JJ.
AYRES, Judge.
Plaintiff, Bennie Lee Sampson, filed this suit for damages against the individual officers and directors of his corporate employer, Southwestern Iron Corporation. Specifically named as defendants were Joseph Schultz, Richard M. Schultz, Woodrow W. Brooks, and Virgil V. Moseley.
Briefly stated, plaintiff's petition alleges that at the time of his injury he had been *364 employed by Southwestern Iron Corporation as a "shaker table" and "shear" operator for approximately three years; that his duties involved the operation of a steel trough which shakes steadily and moves large pieces of scrap iron into steel blades which shear the metal; that the noise made by this shaker table is extreme and continuous and that it was particularly noisy on the day of his alleged injury, March 25, 1969, due to its improper operation. He further alleges that, while performing his duties on that day, plaintiff suddenly and unexpectedly became totally deaf in his right ear and 72% deaf in his left ear, and that this injury is permanent and irreparable.
The petition claims the named defendants were all employed by Southwestern Iron and each acted in the capacity of officer, director, or manager of the corporation.
The basis of plaintiff's claim against these defendants is shown in the following quoted paragraphs:
"That virtually all of the employees of Southwestern Iron Corporation who worked on or near the "shaker table" had spasmodic loss of hearing and had at various times suffered with hearing difficulties, particularly in the afternoon after having worked all day in near proximity to the said shaker table; that the defendants were aware that those employees working on or near the shaker table were having difficulties with their hearing or should have known that this was no mere coincidence and that the extreme and prolonged noise to which they were subjected was accountable in some manner for their employees' hearing difficulties.
"That the defendants were under a duty and obligation to determine the cause of their employees' hearing problems, and the defendants should have contacted a qualified ear specialist to make such a determination; that such a specialist would have recognized the cause of the hearing difficulties of these various employees immediately and would have recommended that said employees wear some type of ear protectors while employed on or near the said shaker table; that each of the defendants was under a duty and obligation to furnish their employees with this type of protection.
"That, as stated above, each of these defendants knew of the extreme and prolonged noise made by these shaker tables, and even had the defendants not been aware of the hearing difficulties sustained by their various employees, they were aware or should have been aware that such a terrible noise would or could have an adverse effect upon the hearing of anyone who was subjected to such a tremendous noise for any prolonged period of time; that the defendants were under a duty and obligation to determine whether or not this was the case, and such a determination could easily have been made had any of the defendants employed a qualified person to test the noise level of these shaker tables; that such a test would have immediately established the need for ear protectors.
"That the plaintiff's deafness resulted from the negligence of each of the defendants, and each defendant was negligent in one or more or all of the following illustrative, but not exclusive, respects, to-wit:
"(1) In not making any attempt to determine whether or not the extreme and prolonged noise to which the employees were subjected for prolonged periods while working on or near the shaker tables would have any adverse effect upon their hearing;
"(2) In not, after learning that those employees working on or near the shaker table were having difficulties, sending said employees to a qualified ear specialist to determine *365 the exact cause of said hearing difficulties;
"(3) In not furnishing those employees working on or near the shaker tables with some type of ear protectors."
The defendants filed an exception of no cause or right of action which was sustained by the lower court and plaintiff's suit was dismissed. From this judgment plaintiff appeals.
In an oral opinion made part of the record the trial judge stated the law is clear that the officers of a corporation can be held responsible only for their malfeasance. He found no specific acts of malfeasance by defendants alleged in plaintiff's petition. Defendants' contention is that plaintiff's petition fails to allege any acts of negligence extending to plaintiff for which they could be held liable to him.
Plaintiff's right to sue the officers of the corporation in tort does not seem to be contested by the defendants. LSA-R.S. 23:1101 clearly gives the plaintiff a right of action:
"When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury. (Emphasis supplied.)
See, also:
Boudreaux v. Falco, 215 So.2d 538 (La.App., 1st Cir. 1968).
In support of the holding on the exception the defendants argue:
"The position of defendants in this case is that there is no allegation in the petition of plaintiff against these officers which charges the officers or any of them with any act of malfeasance and that no such action in tort as is asserted here can be maintained against the officers of the corporation except for malfeasance. The petition in this case is utterly barren of any allegation which could be construed as charging an act of malfeasance on the part of any of the defendants."
The case of Adams v. Fidelity and Casualty Company of New York, 107 So.2d 496 (La.App., 1st Cir. 1958writ denied), and our recent decision in Berry v. Aetna Casualty & Surety Company, 240 So.2d 243 (La.App., 2d Cir. 1970writ denied), are not in accord with defendants' contention. In Adams, 107 So.2d at 501-502, we find this statement by the court:
"We agree with defendant's argument that the breach of a legal obligation by corporate officers due and owing only to the corporation, whether it be misfeasance, malfeasance or nonfeasance, is no concern of a third party and does not give rise to any cause of action by the latter, against corporate officers. On the other hand, an injury suffered by a third party which is due to the breach of a legal obligation which the corporate officer or officers owed to the third party, whether it also involved the breach of a duty due to the corporation, would give rise to a cause of action against the corporate officers for the breach of such legal obligation. It would matter not whether the breach of a legal obligation due and owing by a corporate officer to a third party (which would include a coemployee) *366 was the result of misfeasance, malfeasance or nonfeasance.
* * * * * *
"We do not believe that any of the authority [sic] cited by the defendant can be interpreted as holding the corporate officer free from any liability for the violation of a legal obligation due and owing to a plaintiff where the latter's injury is traceable to such breach by the corporate officer. Whether the breach is due to misfeasance, malfeasance, or nonfeasance, is immaterial and beside the point. Just so there is the breach of an individual obligation by the corporate officer due to a party and as a result of such a breach, the latter is injured, would be sufficient to give rise to a cause of action by the injured party against the corporate officer.
"We can see no valid or logical reason for denying a plaintiff a cause of action for nonfeasance, as well as for misfeasance and malfeasance, if the nonfeasance was an omission by the defendant to perform a legal duty which he owed the party allegedly injured and because of his failure to act the party was injured, whether the guilty defendant be a director, officer or agent."
In Berry, this court reaffirmed the soundness of the above-quoted language:
"Whether the acts of an executive officer amount to malfeasance, misfeasance or nonfeasance is immaterial. Plaintiff must show negligence on the part of one or more of the defendants as provided in Louisiana Civil Code Articles 2315 and 2316, the basic authority for such claims in this State. Plaintiff must show the breach of a duty owed to him by the executive officer, and that the breach of such constituted a proximate cause of plaintiff's injury."
240 So.2d 247-248.
The law is clear in this State that, in considering an exception of no cause or right of action, all well-pleaded allegations of fact in plaintiff's petition are taken as true. Thibodeaux v. Parks Equipment Co., 140 So.2d 215 (La.App., 1st Cir., 1962). The plaintiff's petition sets forth allegations which, if proved in a trial on the merits, would meet the requirements for recovery under LSA-C.C. Arts. 2315 and 2316.
For these reasons, the judgment appealed is annulled, avoided, reversed, and set aside; and the exception of no cause and of no right of action is now overruled; and this cause is remanded to the Honorable First Judicial District Court in and for Caddo Parish for further proceedings in accordance with law and the views herein expressed. Defendants-appellees are assessed with the cost of this appeal, the assessment of all other costs to await a final judgment.
Reversed, exception overruled, and case remanded.