BOLIN, Judge.
James Harold Grigg brought this action against David Martin, a corporate officer of Martin Timber Company, to recover damages for personal injuries allegedly sustained as a result of the negligence of Martin. Aetna Casualty and Surety Company, general liability insurer for Martin, was joined as defendant. An answer in the form of a general denial with an alternative plea of contributory negligence was filed by defendants. In accordance with written reasons judgment was rendered against defendants in favor of Grigg for $85,451.85 and in favor of interveno-r Martin Timber Company and against plaintiff for $5,451.85 for medical expenses paid and for $3,773 for weekly compensation paid through October 23, 1971. From this judgment both plaintiff and defendants have appealed. For reasons which will be hereinafter stated we reverse the judgment and reject the demands of plaintiff and inter-venors.
Plaintiff-appellant asks that the judgment be increased, whereas defendants-appellants seek reversal of the judgment. Errors alleged by defendants are:
“1. The District Court erred in holding that David Martin was personally guilty of negligence proximately contributing to the injuries allegedly suffered by plaintiff.
“2. The District Court erred in holding that plaintiff himself was free of negligence and was not guilty of contribu *333 tory negligence and that he did not assume the risks incident to his employment.
“3. The District Court erred in awarding a grossly excessive and extravagent amount in damages.”
It is not denied plaintiff, a welder by trade, suffered injuries to his back during the course and scope of his employment with Martin Timber Company, for which he received workmen’s compensation benefits up to the date of trial, and that his medical expenses to date have been paid by the employer. However, the present suit is predicated on the allegation plaintiff’s injuries resulted from the negligence of David Martin, who as an officer, supervisor or coworker with plaintiff, was a “third person” within the purview of Louisiana Revised Statutes 23:1101:
“When an injury for which compensation is payable under this Chapter has been sttstained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury.
“Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent.” (Emphasis added)
Thus, the question is: has plaintiff borne the burden of proving his injury was caused by the fault of defendant Martin; or, stated differently, was the injury sustained under circumstances creating in Martin a legal liability to pay damages ?
Grigg alleges he sustained a back injury on May 1, 1970 while he and fellow-employees were carrying a 20-foot length of eight-inch steel pipe ■ into the engine room of the sawmill operated by Martin Timber Company. The pipe was to be used in the installation of a steam turbine in the company’s mill at Castor,. Louisiana. This project, on which Grigg was engaged as welder, made it necessary to move the pipe into the engine room from the place where it was located, a distance of 30 or 40 feet from the door.
On the morning of May 1, Grigg met David Martin at the work site and told Martin he needed more pipe for the work in the engine room. Martin volunteered to aid in moving the pipe. Grigg returned to the engine room for some equipment and Martin gathered three other employees for the job. These persons were positioned as follows: Grigg and Martin at the front end on each side of the pipe, grasping it with the hand nearest the pipe and facing toward the door; one employee at or near the middle with his arms around the pipe and two others at the far end of the pipe on either side. Although it is not clear from the testimony exactly what words were used to start the workers in the lifting and forward movement, it seems agreed David Martin gave some sort of signal to start. After a few steps they let the pipe down and one of the men was sent to another part of the mill to obtain additional aid. None came and the five again grasped the pipe and moved forward another few steps. Martin again sought unsuccessfully to obtain more help and, on his return, the five proceeded to move the pipe a few more steps. Grigg alleged that during this third .move Martin slipped on a board while *334 crossing a ditch and dropped his weight causing Grigg to fall to his knees. He testified he told Martin he had hurt his back. Martin denied having been advised of the accident at that time and this denial is corroborated to some extent by other testimony and the fact that Grigg did not report the incident to the doctor who first examined him.
Plaintiff contends primarily that Martin was negligent in that he slipped and caused the entire weight of the pipe to be thrown upon plaintiff; secondly, that Martin, as a corporate officer and supervisor, was negligent in directing and assisting in the carrying of the pipe with an insufficient force for the job. The case was defended upon denial of any negligence on the part of Martin and alternative pleas of contributory negligence and assumption of risk on the part of plaintiff.
The trial judge made no finding of fact from the conflicting testimony on the issue of whether Martin actually slipped or caused his portion of the load to fall upon the plaintiff. The trial judge held Martin guilty of negligence, and thus liable to plaintiff, on the sole ground that he directed the moving of the pipe with too few men. Further, the pleas of contributory negligence and assumption of risk were rejected.
Defendants rely principally on the rationale of Maxey v. Aetna Casualty and Surety Company (La.App. 3d Cir. 1971) 255 So.2d 120, particularly that portion dealing with the duty which an executive officer of a corporation owes a third person, whether he be an employee or a stranger. After discussing and differentiating the theory of misfeasance, malfeasance and nonfeasance, the court stated:
“The only duty which an executive officer of a corporation owes to a third person, whether he be an employee of the corporation or a complete stranger, is the same duty to exercise due care not to injure him which any person owes to another. If an injury is sustained by a third party as the result of the independent negligence of the corporate officer, or as the result of a breach of the duty which that officer, as an individual, owes to the third party, then the injured third party may have a cause of action for damages against the officer personally. See LSA-C.C. Arts. 2315 et seq. Insofar as the personal liability of the corporate officer to the third party for damages is concerned, however, it is immaterial whether his breach of duty towards the third person also constitutes a breach of duty to the corporation. Sampson v. Schultz, [242 So.2d 363 (La.App. 2 Cir. 1970)] supra; Berry v. Aetna Casualty & Surety Company, [240 So. 2d 243 (La.App. 2 Cir. 1970)] supra; Adams v. Fidelity & Casualty Company of New York, supra.” (See case for citations)
The court below determined the facts of Maxey were inapplicable to the instant case. In conclusion the trial judge, relying on the decision in Adams v. Fidelity & Casualty Company (La.App. 1st Cir. 1958) 107 So.2d 496, and the law in Maxey, found David Martin guilty of actionable negligence in that he directed five men to move a section of pipe weighing 590 pounds, which was too heavy for this crew to move; that he recognized that it was too heavy by twice attempting to secure additional help, but that he nevertheless continued to direct that movement of the pipe with only five men.
We have scrutinized the record as well as cases cited by both parties and have concluded the lower court was in error in finding David Martin breached a legal duty owed plaintiff which constituted negligence under Civil Code Articles 2315-2316.
The evidence shows Martin, although treasurer of the family-owned Martin Timber Company, Incorporated, was being trained in all departments to become a manager. At the time of the accident he was training in a department different from that in which plaintiff was injured. How *335 ever, there is no evidence he was in a managerial capacity, although he discussed with his father various problems that arose. He had not been delegated the duty to provide a safe place in which plaintiff should work. The pipe itself constituted no hazardous condition per se nor did the moving of same present a known hazard, since pipes of like size and weight were customarily moved from the yard tO' various parts of the plant wherever needed.
The only exception allowing an employee to recover for damages, in addition to workmen’s compensation benefits, while on the job is set forth in Louisiana Revised Statutes 23:1101, supra. To benefit from this exception a workman is required to prove negligence against a tort-feasor under Louisiana Civil Code Arts. 2315-2316. To accept the interpretation of the facts in the instant case, urged by plaintiff and adopted by the lower court, would, in our opinion, require a judicial interpretation which would grant unwarranted additional benefits to the workman and do violence to the spirit and purpose of the Compensation Act.
The repeated refusal of the Louisiana Supreme Court to review the many cases in this field arising from the four Circuit Courts of Appeal leaves us with no real guideline. Although the holdings have been diverse the higher court has refused writs where applied for with the brief comment that the “result is correct”.
From our review of the evidence we conclude plaintiff has failed to prove defendant Martin was guilty of any negligence or fault which caused plaintiff’s injury. It would be purely speculative to say plaintiff would not have suffered an injury to his back even if more men had been obtained to aid in the movement of the pipe, or that plaintiff would have ceased to aid in the movement even had Martin asked him to step aside.
The judgment is reversed and plaintiff’s demands are rejected at his cost.