HEARD, Judge.
Herman D. Reed brought this action against Curtis Davis, Jr., a corporate officer of Libbey-Owens-Ford Company (LOF), A. L. Thomas, safety supervisor of the Shreveport glass plant, Lee Tidwell, “cold end” plant superintendent, and Aetna Casualty & Surety Company, LOF’s liability insurer, to recover damages for personal injuries allegedly sustained as a result of their negligence. J. E. Mambourg, plant manager, was later added as a party defendant. Defendants answered denying any liability on their part, and pled Reed’s contributory negligence in the alternative. In addition, Aetna asked that it be given credit for any amounts it has paid Reed in workmen’s compensation and medical expenses, if found liable.
Exceptions of no cause or right of action filed by defendants and originally sustained by the trial court, were overruled on rehearing. The case was tried, then reopened for the taking of additional evidence. Without assignment of written reasons, judgment was rendered in favor of plaintiff against defendants Davis and Aetna for $142,000. Reed’s demands against the remaining defendants were rejected. Appeals were perfected by defendants cast in judgment and by plaintiff. .In the interim, A. L. Thomas died and plaintiff has not substituted parties defendant for him.
On appeal, defendants contend Reed’s petition alleges no malfeasance on the part of any defendant, thus the exception should have been maintained. On the merits, defendants again allege Reed’s negligence as a bar to any recovery and claim the quantum awarded is excessive and im *345 properly computed. Reed seeks reversal of that part of the judgment rejecting his claims against Mambourg and Tidwell.
On September 3, 1968, while plaintiff and a fellow employee were carrying a large sheet of glass, the glass cracked and a jagged piece was violently forced entirely through Reed’s right forearm. As a result, he has a 75% disability of that hand rendering it practically useless. At the time of the accident he was wearing safety equipment furnished by the company consisting of a “polka dot” light sleeve and short gloves which left the wrist and forearm unprotected when the arm was extended.
Originally, the employees had furnished their own gloves. They later gave up a pay raise in return for the company’s agreement to furnish them. This agreement became part of the employment contract which provided that cutters wear cuffs on both wrists or sleeves on both arms when cutting and handling glass, and that cuffs, nonslip gauntlet gloves, sleeves and aprons be furnished by the company. For a number of years, thereafter, the company issued and made available heavy cloth sleeves which snapped or tied down at the cuff, heavy gloves with a heavy cloth gauntlet, and padded cuffs. Primarily for economic reasons, a decision was made to replace the gauntlet type gloves with shorter gloves which were similar, but did not have the heavy cloth gauntlet protection for the wrists. These new gloves were issued beginning about January, 1968. In another economy move and for reasons of comfort as well, beginning about August 1968, the company discontinued the heavy sleeves and issued a lighter sleeve without the tie down. Plaintiff was wearing this new equipment.
Reed’s charge of negligence against defendants is the above substitution of allegedly inferior safety equipment, especially the new gloves, for better equipment which had been used before. It is contended that each individual had an active and affirmative part in making- this change and knew or should have known of the resulting danger.
Defendants’ exception asserts that plaintiff’s petition charges no acts of malfeasance and therefore states no cause or right of action. On the merits, defendants denied liability and alleged the accident was the result of Reed’s failure to use all of the safety equipment available and his failure to check the glass sheet thoroughly for defects.
As to defendant’s position on the exception, we cannot agree. In overruling a similar exception, we stated it is immaterial whether the acts of an executive officer amount to malfeasance, misfeasance or nonfeasance. The question is whether plaintiff’s allegations, if proved in a trial on the merits, would show negligence under general tort law. Sampson v. Schultz, 242 So.2d 363 (La.App., 2d Cir. 1970). Defendant’s exception was correctly overruled.
Turning to the merits, we find the above principles equally applicable. In Adams v. Fidelity and Casualty Company of New York, 107 So.2d 496 (La.App. 1st Cir. 1958) the court stated:
“We agree with defendant’s argument that the breach of a legal obligation by corporate officers due and owing only to the corporation, whether it be misfeasance, malfeasance or nonfeasance, is no concern of a third party and does not give rise to any cause of action by the latter, against corporate officers. On the other hand, an injury suffered by a third party which is due to the breach of a legal obligation which the corporate officer or officers owed to the third party, whether it also involved the breach of a duty due to the corporation, would give rise to a cause of action against the corporate officers for the breach of such legal obligation. It would matter not whether the breach of a legal obligation due and owing by a corporate officer to *346 a third party (which would include a co-employee) was the result of misfeasance, malfeasance or nonfeasance.
* * * * * *
“We do not believe that any of the authority cited by the defendant can be interpreted as holding the corporate officer free from any liability for the violation of a legal obligation due and owing to a plaintiff where the latter’s injury is traceable to such breach by the corporate officer. Whether the breach is due to misfeasance, malfeasance, or nonfea-•sance, is immaterial and beside the point. Just so there is the breach of an individual obligation by the corporate officer due to a party and as a result of such a breach, the latter is injured, would be sufficient to give rise to a cause of action by the injured party against the corporate officer.
“We can see no valid or logical reason for denying a plaintiff a cause of action for nonfeasance, as well as for misfeasance and malfeasance, if the nonfea-sance was an omission by the defendant to perform a legal duty which he owed the party allegedly injured and because of his failure to act the party was injured, whether the guilty defendant be a director, officer, or agent.”
[107 So.2d 496, 501, 502]
This court reaffirmed the soundness of this reasoning in Berry v. Aetna Casualty & Surety Company, 240 So.2d 243 (La.App., 2d Cir. 1970), which also involved several of the present defendants, by stating:
“Whether the acts of an executive officer amount to malfeasance, misfeasance or nonfeasance is immaterial. Plaintiff must show negligence on the part of one or more of the defendants as provided in Louisiana Civil Code Articles 2315 and 2316, the basic authority for such claims in this State. Plaintiff must show the breach of a duty owed to him by the executive officer, and that the breach of such constituted a proximate cause of plaintiff’s injury. . . .”
[240 So.2d 247-248]
In additon, Sampson, supra, quoted all the above language with approval.
Under these guidelines we find that Reed has failed to show a breach of a duty owed him, if any, by any executive officer.
While the evidence clearly indicates it was the custom for glass cutters to use only a combination of the cuff and glove or the sleeve and glove as provided in their employment contract, there is testimony by defendants that the use of all three pieces of equipment was urged.
The company’s change-over simply did not deprive plaintiff and his co-workers of any safety measures. Reed and his coworkers were fully aware of the lack of protection provided by the new gloves and sleeves and filed a grievance with the company to have the gauntlets reinstated. The company did, however, make the cuffs available to them and Reed was aware of their availability. There is conclusive evidence had Reed been wearing the cuff which covered his exposed forearm, the injury would have been averted or made less severe. By choice he neglected his safety in preference to comfort. His failure to wear the cuff cannot be justified because of custom and practice in view of the danger of which he was aware.
Finding no actionable negligence on the part of any of the defendants, it is unnecessary to discuss contributory negligence.
The judgment of the lower court in favor of plaintiff against Curtis Davis, Jr. and Aetna Casualty and Surety Company is reversed and plaintiff’s demands are rejected. The judgment in favor of A. L. Thomas, Lee Tidwell, and J. E. Mambourg is hereby affirmed. Costs are to be paid by plaintiff.