280 So.2d 380 (1973)
Carol B. SHELTON et vir, Plaintiffs-Appellants,
v.
PLANET INSURANCE COMPANY, Defendant-Appellee.
No. 12108.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1973.
Rehearing Denied June 28, 1973.
Writ Refused August 31, 1973.
*381 Pugh & Nelson by Sydney B. Nelson, Shreveport, for plaintiffs-appellants.
Cook, Clark, Egan, Yancey & King by Gordon E. Rountree, Shreveport, for defendant-appellee.
Before AYRES, BOLIN, and PRICE, JJ.
En Banc. Rehearing Denied June 28, 1973.
AYRES, Judge.
This is an action in tort instituted by plaintiff Carol B. Shelton, a public-school-teacher, against the insurer of Donald L. Kennedy, superintendent of schools, and other unnamed executive officers of the Caddo Parish School Board. This plaintiff seeks to recover damages claimed for personal injuries sustained by her in a school playground accident. Plaintiff is joined herein by her husband, James W. Shelton, who seeks to recover hospital and medical expenses incurred in the treatment of his wife's injuries, as well as other incidental losses and costs.
Among the subjects plaintiff was employed to teach was physical education. Due to the want of space and lack of adequate equipment, classes were taught on the school's parking area. This area, asphalt surfaced, was partially covered with loose gravel and contained many potholes. Plaintiff's injuries were alleged to have been sustained when she, in demonstrating to her pupils how to run and, at the same time, effect a turning maneuver, slipped and fell as she stepped on the loose gravel and into one of the holes. Plaintiff complained that the school was ill equipped for the conduct of classes in physical education, due not only to the lack of adequate materials for instruction but to the inadequacy of and dangers inherent in the playground itself.
The gist of plaintiff's charges is that the individual members of the Caddo Parish School Board, Donald L. Kennedy, superintendent, and other unnamed executive officers of the board, failed to provide her with safe working conditions; that the working conditions were unsafe to the knowledge of the members of the school board, who nevertheless failed to remedy them; and that the parking area was in a poor condition and therefore not safe for appellant to teach physical education.
*382 In an amended petition, plaintiff alleged that the school board either specifically or impliedly delegated to the board members and executive officers the responsibility of providing its employees with safe places to work.
The failure of the superintendent and the other executive officers of the school system in all the aforesaid respects was charged as negligence for which they, through the defendant, their insurer, should respond in damages for the injuries sustained by plaintiff on that account.
To plaintiffs' demands, defendant interposed a motion for a summary judgment and an exception of no cause of action. Both of these defenses were based upon the proposition that neither the individual school board members, the superintendent of schools, nor other executive officers of the board owed any duty whatsoever to plaintiff to provide her with a safe place to work. Both motion and exception were sustained and plaintiffs' action dismissed. From a judgment thus rendered and signed, plaintiffs prosecute a devolutive appeal to this court.
With respect to its motion for a summary judgment, defendant attached thereto, in compliance with the provisions of LSA-C. C.P. Art. 967, an affidavit of Lloyd L. Waite, assistant superintendent of schools of Caddo Parish. This document set forth the necessary procedure for the improvement, repair, and renovation of property of the Caddo Parish School Board. It is therein made to appear that any recommendation or suggestion for repair, renovation, or improvement to any property of the Caddo Parish School Board is first considered by its Building and Grounds Committee. If the committee recommends that the repairs or renovations be made and the expenditure of necessary funds therefor, its recommendation is submitted to the board itself. The committee's authority is limited to its recommendation and it is thus unauthorized to initiate any program of improvements in and of itself. The board considers the recommendations and, if they are approved, a request is made for bids and a contract is thereafter awarded in accordance with a standard procedure. In these matters, the affidavit recites that the Caddo Parish School Board is the decision-making body and the only entity authorized to spend any public funds for the improvement, repair, and renovation of the school property. No committee, individual, or group of individuals may take such action, the final decision and action lying solely with the school board itself. The facts set forth in the aforesaid affidavit, as summarized immediately hereinabove, particularly as to the lack of authority, duty, and responsibility on the part of defendant's assureds to provide a safe place for the board's employees to work, have not been controverted or opposed in any manner through depositions, answers to interrogatories, or by additional affidavits as required by LSA-C.C.P. Art. 967. Plaintiff's showing pertained only to matters such as the lack of adequate school equipment and the condition of the parking area where plaintiff conducted her classes and not to the duty or responsibility of the assureds with reference thereto.
The article of the Code of Civil Procedure just mentioned specifically provides, in pertinent part:
"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on *383 the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him." (Emphasis supplied.)
The affidavit of the assistant superintendent, moreover, negates any suggestion or contention that the school board delegated any authority or duty to the superintendent or other executive officers of the board to embark upon any program or to make any improvements, renovations, or repairs to any of the school-board property. Plaintiffs, we repeat, made no showing to the contrary. The authority therefor is vested in the school board itself and can only be undertaken through its official action.
A rule appears to be now well established in the jurisprudence of this State, and generally adhered to, that an executive officer of an employer owes no duty as such or individually to an employee to provide him with safe working conditions; his duty and obligation, in that regard, are due exclusively to the employer. Johnson v. Schneider, 271 So.2d 579 (La.App., 1st Cir. 1972); Grigg v. Martin, 269 So.2d 331 (La.App., 2d Cir. 1972writ refused); LeJeune v. Liberty Mutual Insurance Company, 261 So.2d 280 (La.App., 3d Cir. 1972); Dulaney v. Fruge, 257 So.2d 827 (La.App., 3d Cir. 1972writ refused); Maxey v. Aetna Casualty & Surety Company, 255 So.2d 120 (La.App., 3d Cir. 1971writ refused); Spillers v. Northern Assurance Co. of America, 254 So.2d 125 (La.App., 3d Cir. 1971); Berry v. Aetna Casualty & Surety Company, 240 So.2d 243 (La.App., 2d Cir. 1970writ refused); Daigle v. Cobb, 175 So.2d 392 (La.App., 4th Cir. 1965).
In Maxey v. Aetna Casualty & Surety Company, supra, plaintiff was injured while performing duties within the course and scope of his employment with Hunt Lumber Company, Inc., at its sawmill. An action in tort was instituted against officers of the corporate employer. Therein plaintiff claimed damages for the failure to provide a safe place for him to work. In sustaining an exception of no cause of action based on the same contentions as are made here, the court made certain observations which appear appropriate to the facts and issues presented in the instant case. There it was stated:
"We think an officer or director of a corporation owes a duty to the corporation which is separate and independent of any duty which he may owe to an employee or to a third person. The duty which he owes to the corporation may include, among other things, a duty to provide safe working conditions for employees and to exercise reasonable care in protecting the corporation from legal liability. If he fails to perform a duty owed to the corporation, he may be answerable to that corporation for the damages which it sustained because of his failure or neglect. The breach of a legal duty which a corporate officer owes exclusively to the corporation, however, whether his conduct is classified as nonfeasance, misfeasance or malfeasance, is of no concern to a third party, and it does not give rise to any cause of action in tort by the latter against the corporate officer individually. LSA-C. C. Arts. 2315, 2316; Sampson v. Schultz, 242 So.2d 363 (La.App. 2 Cir. 1970); Berry v. Aetna Casualty & Surety Company, supra [240 So.2d 243 (La.App. 2 Cir. 1970)]; Adams v. Fidelity & Casualty & Surety Company of New York, 107 So.2d 496 (La.App. 1 Cir. 1958); 19 C.J.S. Corporations § 846, page 273; 19 Am.Jur.2d Corporations, Sec. 1388, page 784.
"The only duty which an executive officer of a corporation owes to a third person, whether he be an employee of the corporation or a complete stranger, is the same duty to exercise due care not to injure him which any person owes to *384 another. If an injury is sustained by a third party as the result of the independent negligence of the corporate officer, or as the result of a breach of the duty which that officer, as an individual, owes to the third party, then the injured third party may have a cause of action for damages against the officer personally. See LSA-C.C. Arts. 2315 et seq. Insofar as the personal liability of the corporate officer to the third party for damages is concerned, however, it is immaterial whether his breach of duty towards the third person also constitutes a breach of duty to the corporation. Sampson v. Schultz, supra; Berry v. Aetna Casualty & Surety Company, supra; Adams v. Fidelity & Casualty Company of New York, supra.
"Plaintiff alleges as the basis for his demands in the instant suit that the defendant corporate officers were negligent in several particulars. A careful examination of plaintiff's petition convinces us, however, that each of these alleged acts of negligence, if proved, would constitute a breach of duty which the officers owed only to the corporation. We find no allegation in the petition to the effect that the defendants breached a legal duty which they, as individuals, owed to plaintiff. Under those circumstances we agree with the trial judge that the petition fails to state a cause of action." (Emphasis supplied.)
The facts set forth in the affidavit submitted by defendant in support of its motion for a summary judgment have not, as already noted, been controverted with respect to the want or lack of any duty or responsibility on the part of the superintendent, executive officers, or members of the school board toward the board's employees. This showing leaves no basis for any issue or question of fact on an important and decisive issue. Hence, no genuine issue of fact exists with respect to their duty or responsibility. The action of the trial court in sustaining the motion for a summary judgment is, in our opinion, correct.
Although defendant's exception of no cause of action is likewise based upon the proposition that the superintendent of schools, executive officers, and the members of the school board individually owed no duty to the board's employees to provide safe places for their employment, different rules apply in determining the sufficiency of a petition to disclose a cause of action. For instance, all allegations of fact properly pleaded must be accepted as true. Nevertheless, in view of the conclusion reached with respect to the motion, no necessity exists for a determination of the merits of the exception.
Accordingly, for the reasons assigned, the judgment sustaining defendant's motion for a summary judgment and dismissing plaintiffs' action is affirmed at plaintiffs-appellants' costs.
Affirmed.