GARRISON, Judge,
dissents and assigns reasons.
Upon concluding that the trial court’s finding of contributory negligence on the part of the plaintiff was manifestly erroneous and not supported by the record, we are then remitted to a consideration of the possible liability of the executive officer, defendant Ira Williams. In my view the record in this case — examined in the light of the applicable law — supports a finding of liability on the part of the defendant, Williams, with regard to the injuries sustained by the plaintiff, Leon Williams.
Defendant, Ira Williams, testified that he was totally in charge of H & W Steel Erectors and that he was familiar with the job his company was doing at Methodist Hospital.
*120 It was his testimony that he had established no safety meetings for his employees and that there existed no safety program of any kind for his employees.
He felt that a crane was necessary for this operation because he made an effort to obtain one. Furthermore, as he testified, after failing to obtain one and prior to his departure from the scene, he did not delegate authority to his foreman to continue the effort to locate a crane. After ordering that the steel be unloaded by hand, he left the jobsite.
The record also indicated that Ira Williams knew that his men would be working in a very tight area and that he knew that the load of steel could normally be expected in bundles of all kinds, sizes and lengths. He even expected some bundles to weigh as much as two or three tons and to vary in mixed lengths of twenty-five to forty feet, without ever inspecting this load of steel, Ira Williams ordered his foreman to have it unloaded by hand and departed from the scene. It is significant that he admitted in his testimony that the accident would not have occurred had a crane been used.
Counsel for defendant/appellee has taken the position that unloading the steel by hand was a normal procedure. However, the fact that a practice is normal does not make it safe or nonnegligent. “While customary practices may be relevant in determining negligence, they are not conclusive or controlling in the judicial determination of whether unreasonable risks have resulted from the conduct in question.” Larned v. Wallace, 146 So.2d 434 (La.App. 3rd Cir. 1962), c.d. (La.1963); Guilbeau v. Liberty Mutual Insurance Co., 338 So.2d 600 (La. 1976).
It was also the position of defendant/ap-pellee that using a crane was no more safe than unloading tons of steel, of several different lengths, off the side of a truck by hand. This argument was based on the contention that no one could describe the method of unloading steel by hand as “unsafe” in as much as this was argued to be normal procedure. However, it is significant that Ira Williams, the foreman, Gerald Cooley and the employee, Elmer Davis, all testified that using a crane would have permitted control of the bundles of steel, whereas there was no corresponding control of these bundles of steel as they rolled off of the side of the truck while being unloaded by hand.
More specifically, the advantages of using a crane, as opposed to unloading steel rods by hand, as testified to by Ira Williams and foreman Gerald Cooley, are:
(1) The crane does not depend upon the force of gravity.
(2) As a crane would pick up a bundle of steel which could normally contain various lengths, the men would have an opportunity to find the longer pieces of steel and then guide them into place.
(3) The crane permits the men to control the bundles until they come to a rest and permits the men to control the location of the bundles.
It is clear that had a crane been used as Ira Williams initially intended, the removal of the steel from the truck would have been considerably safer than the unloading by hand which he subsequently ordered.
Under Canter v. Koehring, 283 So.2d 716 (La.1973), the Louisiana Supreme Court spelled out the requirements for bringing an action against an executive officer. These criteria, which are applicable to the instant case inasmuch as executive officer actions were still permissible at the time, were as follows:
(1) The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.
(2) This duty is delegated by the principal or employer to the defendant.
(3) The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by *121 ordinary prudence under the same or similar circumstances — whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
(4) With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff’s damages. If the defendant’s general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm. At 283 So.2d 721.
From Ira Williams own testimony, the first two criteria are met. He was fully in charge of the company’s operation, even down to the jobsite details, and he delegated to no one responsibilities for the safety of the men. With regard to the remaining criteria the evidence described above indicates that Ira Williams, in his capacity as an executive officer, exposed the plaintiff to an unreasonable risk of harm, as a result of which the injury occurred.
It is well settled that an employer is under a legal duty to provide his employees with safe working conditions. Simmons v. Travelers Insurance Company, 295 So.2d 550 (La.App. 3rd Cir. 1974) w.d., La., 299 So.2d 795 and 796; Walker v. Graham, 343 So.2d 1171 (La.App. 3rd Cir. 1977) w.r. 346 So.2d 213; Chaney v. Brupbacher, 242 So.2d 627 (La.App. 4th Cir. 1970). Furthermore, the employer, and executive officers who have been delegated safety responsibility for the employees, have a duty to provide the employees with the proper equipment with which to work. Coco v. Winston Industries, supra.
A person in a supervisory capacity may be held liable where he negligently created or negligently failed to correct a dangerous condition of which he was or should have been aware under the circumstances. Fabre v. Travelers Insurance Company, 286 So.2d 459 (La.App. 1st Cir. 1973) w.r., La., 288 So.2d 646; Johnson v. Schneider, 271 So.2d 579 (La.App. 1st Cir. 1973).
Accordingly, I believe that the executive officer, Ira Williams, should have been held liable for the damages suffered by the plaintiff in the accident, and I respectfully dissent.