215 So.2d 538 (1968)
Ashby Paul BOUDREAUX, Plaintiff-Appellant,
v.
Carl S. FALCO et al., Defendants-Appellees.
No. 7441.
Court of Appeal of Louisiana, First Circuit.
November 12, 1968.
*539 Remy F. Gross, II, Royce A. Fincher Jr., LaPlace, for plaintiff-appellant.
James L. Donovan, of Porteous & Johnson, New Orleans, for defendants-appellees.
Before LOTTINGER, ELLIS and BAILES, JJ.
BAILES, Judge.
Succinctly stated, plaintiff alleges that he was injured while working for C. S. Falco & Co. Inc., and that Carl S. Falco is the manager, director and principal stockholder of the employer, that Louis K. Goodwin is a director and stockholder and is the general superintendent of the employer, and that Louis J. Goodwin is the foreman of C. S. Falco & Co. Inc. The defendants are Carl S. Falco, Louis K. Goodwin and Louis J. Goodwin. Plaintiff further alleges he was injured when the scaffold on which he was working fell from a height of sixty feet; that the scaffold fell because it was suspended with defective cable and that the named defendants, in their respective capacities, were guilty of certain alleged negligent acts which caused the alleged injuries to plaintiff. The plaintiff's action is premised on the ground that the acts of negligence allegedly committed by defendants breached the duty of care owed to him by defendants.
Defendants, by peremptory exception, urge that the plaintiff's petition states no cause or right of action. The trial court sustained the exception as to Carl S. Falco and Louis K. Goodwin, however, as to defendant Louis J. Goodwin the exception was overruled. From this adverse judgment, plaintiff has appealed.
The defendants' peremptory exception is brief and we quote it in full.

"1.
"That on or about October 27, 1965, plaintiff herein did file a workmen's compensation claim in suit No. 6163 of this Honorable Court, alleging that while in the employ of C. S. Falco & Co. Inc., he was injured, and as such, he was entitled to workmen's compensation benefits. In this proceeding, plaintiff herein alleges that while in the course and scope of his employment with C. S. Falco, Co., Inc. he was injured, and attempts to sue the directors of C. S. Falco, Co., Inc.

"2.
"Defendants herein submit that they are the owners of C. S. Falco Co., Inc., *540 and as such are the employers of plaintiff herein, and that the intent of the legislature was to provide an injured employee a certain recovery and preclude any tort action. Atchinson [Atchison] vs. May, 201 La. 1003, 10 So.2d 785, McLaughlin vs. Boykin, 127 So.2d 86 (La. App.1961).
"Professor Malone recognizes that this is part of the surrender between the employer and employee. The employer loses his tort defenses and the employee loses the right to full damages in exchange for the certainty of recovery. Malone, Louisiana Workmen's Compensation Law and Practice, p. 361. The recovery in compensation is based on contract and not on any theory of breach of due care as when duties sounding in tort. As a result, the employer cannot be held liable in tort on any theory that he has beached a duty owed his employee.
"The Louisiana Workmen's Compensation Statute exempts the employer from any duty to pay any tort damages for his negligence committed against his employee. His sole obligation is an absolute duty to pay workmen's compensation whether there was any fault on his part or not. Auld v. Glode [Globe] Indemnity Co., 220 F.Supp. 96, W.D.La., 1963.
"WHEREFORE exceptor prays that this exception be maintained and that accordingly, there be judgment herein in favor of defendants and against plaintiff, rejecting plaintiff's demand at his cost."
This exception is titled "Peremptory exception, Exception of No Cause or Right of Action."
The trial court, in its written reasons for judgment, stated:
"It is the opinion of this court that the plaintiff has failed to state a cause or right of action against defendants Carl S. Falco and Louis K. Goodwin, and that said exception of no cause or right of action as to said two defendants, Carl S. Falco and Louis K. Goodwin, should be sustained.
"It is the further opinion of this court that plaintiff has stated a cause or right of action against defendant Louis J. Goodwin and that said exception of no cause or right of action as to said Louis J. Goodwin, should be overruled.
"Defendants, Carl S. Falco and Louis K. Goodwin, were not guilty of any misfeasance or malfeasance under the jurisprudence of Louisiana as shown by plaintiff's petition."
The only matter before the court is that raised by the peremptory exception. LSA-C.C.P. Article 924. In compliance with this article, the defendants have, with particularity, urged that the plaintiff's petition sets forth no cause or right of action for the reason that plaintiff had previously filed a workmens' compensation suit against C. S. Falco & Co. Inc., and inasmuch as the defendants are the owners of C. S. Falco & Co. Inc., and as such are the employers of plaintiff, that his sole action for recovery is under the workmen's compensation act and he is precluded from filing a tort action against his employer. In other words, as we view the defendants' exception, their position is that they are plaintiff's employer and he cannot bring a tort action to recover damages for his alleged injury as his sole remedy is under the workmen's compensation statute.
The workmen's compensation statute creates a right of action to recover compensation by an injured employee from his employer. An employer's liability is not based on fault or the breach of any duty owed by the employer to the employee. There is liability without fault. In urging their exception, it would appear to us that defendants have completely ignored the existence of the legal entity of C. S. Falco & Co. Inc. The exception states that they, the defendants, are the owners of C. S. Falco & Co. Inc. Undoubtedly what was intended was that they are the *541 owners of the stock of the corporation. As the employer was a corporation existing under the laws of the State of Louisiana, this corporation is a separate and distinct entity from the shareholders who in this case were also officers, directors and executives of the employer.
A right of action is granted to plaintiff under the provisions of LSA-R.S. 23:1101, which states:
"When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury. "* * *" (Emphasis supplied).
Therefore, it is our conclusion, even accepting as true the defendants' statement in their exception that they are the sole owners of the plaintiff's employer, C. S. Falco & Co. Inc., that under the settled law receipt of workmen's compensation benefits does not affect an employee's right of action against a third person who is not his employer, when the third person through personal negligence subjects himself to individual legal liability for damages sustained by the employee. Included in the definition of "Third person" as that term is used in LSA-R.S. 23:1101 are corporate directors, officers, agents and co-employees. Adams v. Fidelity & Casualty Co. of New York (La.App.1958) 107 So. 2d 496 and the cases cited therein. Thus, it must be recognized that, though plaintiff's exclusive remedy against his corporate employer is for compensation, he is in no way precluded from action against corporate personnel individually responsible for his damages if they owed a duty of care not to injure him.
For the foregoing reasons, the judgment appealed from is reversed at appellees cost.
Reversed.
ELLIS, Judge (concurring).
Although the basis alleged by defendant for the exception of no cause of action is as quoted in the majority opinion, in this Court, defendant's brief sets forth an entirely different ground.
It is claimed that the petition does not allege a cause of action against defendants Falco and Louis K. Goodwin because, as corporate officers, they can be held liable to employees only for acts of malfeasance. They cite Daigle v. Cobb, 175 So.2d 392 (La.App. 4 Cir. 1965) in support of their position.
R.S. 23:1101 reserves to an injured employee his right of action against any person, other than his employer, who might be liable to him in tort for the injuries sustained by him. There is nothing in this article which in any way limits the liability of an officer of a corporate employer for his own negligence. The courts of this state have recognized that liability of an agent or corporate officer must be determined as in any tort suit. Adams v. Fidelity and Casualty Co. of New York, 107 So.2d 496 (La.App. 1 Cir. 1958); Washington v. T. Smith & Son, 68 So.2d 337 (La.App.Orl., 1953). The majority opinion in this case correctly recognizes this principle. The Daigle case, supra, does limit the liability of a corporate officer to an employee to acts of malfeasance only. However, it bases its conclusion on Wirth v. Albert, 174 La. 373, 141 So. 1 (1932), a case which deals with corporate mismanagement and not with delictual responsibility. I do not believe *542 that the rule announced in the Daigle case applies in this state.
The petition in this case alleges among other things that both Falco and Goodwin had knowledge of the defective condition of the cable and failed to remedy it. They are alleged to be in positions embodying authority to remedy the defective condition. These facts, if proven on the trial of the case, would be sufficient to satisfy the requirements of Article 2315 and 2316 of the Civil Code, of negligence being a proximate cause of injury. See Adams v. Fidelity and Casualty Co. of New York, supra.
I respectfully concur in the opinion that the judgment rendered should be reversed and the case remanded for trial on its merits.