YARRUT, Judge.
This is a suit in tort against the liability insurer of the officers of the corporation by which Plaintiff was employed.
Plaintiff alleges that the negligence of A. Rogers Cox, President, and Charles M. Hardie, Vice-President, of Cox-Hardie Co., Inc., caused him to suffer bodily injury when a scaffold on which he was working collapsed on May 27, 1966, while he was employed as a carpenter on the corporation’s construction job, at Aline and Magazine Streets, in New Orleans.
From a judgment dismissing his suit, Plaintiff has taken this appeal.
Plaintiff was injured while working on a T-jack scaffold, which consists of one four-by-four foot vertical wooden stand to which is nailed a horizontal four-by-four wooden platform called a “header” upon which the workers stand.
Both Plaintiff and Mr. Davy P. Laborde, the business representative of the Carpenter’s Union, testified that an extension was nailed to the header of the T-jack and that this extension collapsed causing Plaintiff to fall. Mr. Laborde further testified that the original T-jack was nailed with double- *337 headed scaffold nails; that the extension was nailed over these double-headed nails causing about one-quarter inch of air space to exist between the extension and the header; and that this caused a weakness in the scaffold extension.
Although Mr. W. D’Aunoi, the superintendent on the job, testified no extensions were used on the T-jacks, we conclude from all the evidence that an extension was used on the scaffold from which Plaintiff fell.
Defendant claims that, in any event, Plaintiff’s exclusive remedy is under the Louisiana Workmen’s Compensation Act. However, Plaintiff sues Defendant on the theory that Mr. Cox and Mr. Hardie are “third persons” under LSA-R.S. 23:1101, which provides inter alia:
“When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury. * * * ”
To bring Mr. Cox and Mr. Hardie within the purview of this statute Plaintiff relies on Adams v. Fidelity and Casualty Co. of New York, La.App., 107 So.2d 496. However, in the cited case it was alleged that the officers and the superintendent actually saw an iron reel on top of a stack of steel placed in a manner in which it was very likely to fall and that they allowed this dangerous condition to remain even though they had the authority and the duty to correct it. Moreover, the cited case merely decided that plaintiff’s petition stated a cause of action because it alleged defendants had actual knowledge of the dangerous situation which placed the plaintiff in peril. In the instant case there was a trial on the merits in which all of the evidence indicates that neither Mr. Cox nor Mr. Hardie had actual knowledge that the scaffold in question was defective or improperly constructed. Both Mr. Cox and Mr. Hardie testified that they did not observe the scaffold from which Plaintiff fell, although each visited the construction job. Plaintiff testified that he had complained about the scaffold to a Mr. McQueen, a Union representative on the job, and that Mr. McQueen said he would inform Mr. Laborde. However, Mr. Laborde testified that, as far as he could recall, he did not discuss the scaffold with either Mr. Cox or Mr. Hardie. Significantly, he further testified that it would have required a close inspection to discover the defect in the scaffold’s construction.
Nevertheless, Plaintiff contends that Mr. Cox and Mr. Hardie were guilty in some manner of nonfeasance and that this is sufficient for him to recover. Admittedly, in the Adams case the First Circuit Court of Appeal stated that nonfeasance, as well as malfeasance, on the part of the officers of a corporation gives rise to a cause of action. However, this Court in Daigle v. Cobb, La.App., 175 So.2d 392, pointed out that in the Adams case the Court cited Wirth v. Albert, 174 La. 373, 141 So. 1. We referred to the following language of the Supreme Court in the Wirth case:
“Officers and directors are merely agents of the corporation, and, except for acts of malfeasance, are answerable to it alone. A creditor of a corporation has no right of action against the corporation’s agents for gross negligence or maladministration of corporate affairs or omission of duty. * * * ”
Moreover, in the concurring opinion in the Daigle case attention was called to the fact that in the Adams case, although the *338 corporate officers allegedly had actual knowledge of an obvious hazard to the safety of the plaintiff, they permitted it to remain and that this was very close to the commission of a “positive wrong” on their part.
In the instant case, not only was there an absence of malfeasance, but there is no evidence here warranting a holding they were guilty of a neglect of duty.
For the above reasons the judgment is affirmed; Plaintiff to pay all costs in both Courts.
Affirmed.