222 So.2d 632 (1969)
Mrs. Lillian D. CACIBAUDA, Individually and as Natural Tutrix and Administratrix of the Estate of the Minor, Joseph Anthony Cacibauda, Jr., and Mrs. Eleza Cacibauda Loyacano, Antoinette Regina Cacibauda and Patricia Alice Cacibauda
v.
E. S. GAIENNIE, Jr., Alvin R. Adam, Charles L. Jarreau, L. R. Stevens, Walter L. Stone, Wayne Snelson and Fireman's Fund Insurance Company.
No. 3479.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1969.
Rehearing Denied June 2, 1969.
Wicker, Wiedemann & Fransen, Lawrence D. Wiedemann, New Orleans, for plaintiffs-appellants.
McLoughlin, Barranger, West, Provosty & Melancon, Lloyd C. Melancon, New Orleans, for defendants-appellees.
Before REGAN, BARNETTE and GARDINER, JJ.
GARDINER, Judge.
This suit in tort was brought by the surviving widow of Joseph Anthony Cacibauda, Sr., and his heirs, (one minor child and three major children) to recover the total sum of $705,275.07 from the liability insurer of six officers, agents and employees of the corporation by which Joseph Anthony Cacibauda, Sr., was employed. Defendants pleaded several exceptions to the petition, *633 all of which were maintained by the lower court. From a judgment dismissing their suit, plaintiffs have appealed.
Defendants have pleaded principally in defense of the allegations of the petition an exception of no cause of action. It is asserted that the allegations of the petition do not set forth with any degree of particularity the acts of fault or negligence attributable to the named defendants.
Plaintiffs allege that on July 5, 1966, while Joseph A. Cacibauda, Sr., was engaged in the performance of his duties with Chevron Chemical Company, Orinite Division, in the company's plant in Plaquemines Parish, a metal container, weighing several thousand pounds, and containing raw lime, was caused to be dropped on Cacibauda, Sr., resulting in severe personal injuries and his ultimate death therefrom. The responsibility for the injuries and death of Cacibauda, Sr., is alleged to have been caused by the concurrent negligence of six alleged officers and employees of the defendant company, as follows: (1) E. S. Gaiennie, Jr., was the plant manager subsequent to June, 1966, and more particularly on July 5, 1966, and the negligence charged against E. S. Gaiennie, Jr., in the petition is:
"XI.
"Subsequent to June, 1966, and more particularly on July 5, 1966, defendant, E. S. GAIENNIE, JR., was Plant Manager and vested with the same authority, duties and obligations as his predecessor; that upon assuming the management of said plant, the said E. S. GAIENNIE, JR., was advised and personally observed the defective hoist, conveyor system and container; that he was also advised of the prior accidents and the minor changes necessary to alleviate the problems; that in spite of repeated requests, he failed to authorize the necessary adjustments or take any action to rectify the hazard and, in doing so, he was guilty of negligence."
Practically the same charge of negligence is leveled against defendants (2) Charles L. Jarreau, plant superintendent under Floyd A. Tannahill (manager of the plant until June, 1966); as well as against (3) Walter L. Stone, chairman of the plant safety committee; (4) Alvin R. Adam, the section day supervisor; (5) L. R. Stevens, shift supervisor, in direct control of the operation of the mixer building and (6) Wayne Snelson, hoist operator at the time of the accident, who failed to see that the hoist was properly attached to the container prior to commencing lifting operations and in failing to place the safety pin in the lifting bar. Plaintiffs are not praying for judgment against Floyd A. Tannahill, the manager of the plant before the fatal accident, whose alleged acts of negligence are recited in the petition.
The district court gave no reasons for judgment dismissing plaintiffs' suit and defendants have not stated any except to rely on two cases decided by this courtJohnson v. Continental Insurance Company, 216 So.2d 336 and Daigle v. Cobb, 175 So.2d 392, contending that those cases support the holding of the trial court in maintaining the exception of no cause of action.
In the Daigle case this court dismissed the suit on a motion for summary judgment because it found that the employee-director alleged to be responsible in tort for injuries to a workman, employed by a subcontractor, was neither required nor authorized to take over and supervise employees of the subcontractor and the court said: "Had he done so, he might then have risked personal liability for actual negligence or willful or deliberate tort to the employees, and become answerable to the particular subcontractor for defective workmanship."
In the Johnson case, there was a trial on the merits and this court found that not only was there an absence of malfeasance, but that there was no evidence warranting a holding that the officers of the corporation were guilty of neglect of duty. This *634 court referred to the concurring opinion in the Daigle case calling attention to the fact that, in Adams v. Fidelity and Casualty Co. of New York, La.App., 107 So.2d 496, the corporate officers "* * * had actual knowledge of the existence of a specific and obvious hazard to the safety of its employees and others and permitted it to remain. This, in my opinion, amounted to a `positive wrong' which is very close to an act of malfeasance."
The allegations in the instant case are somewhat similar to those alleged in Adams v. Fidelity and Guaranty Co. of New York, supra, in which it was alleged: "* * * that the officers and the superintendent actually saw an iron reel on top of a stack of steel placed in a manner in which it was very likely to fall and that they allowed this dangerous condition to remain even though they had the authority and the duty to correct it." The Court of Appeal, First Circuit, held that these allegations were sufficient to state a cause of action against three named defendants.
The petition in the instant case alleges that E. S. Gaiennie, Jr., had knowledge of and observed the defective condition of the equipment and failed to take steps to rectify the hazard. It is alleged that he had the authority to remedy the defective condition. This, together with the alleged fact that he knew of prior accidents which had occurred and caused injury as a result of the defective equipment, clearly charges this defendant, as well as the other five defendants with negligence.
In Boudreaux v. Falco, 215 So.2d 538, decided by the Court of Appeal, First Circuit, and cited by counsel for plaintiffs, it was claimed that the petition did not allege a cause of action against two defendants, as corporate officers, because they can be held liable to employees only for acts of malfeasance. In a concurring opinion in that case, the Court held that under the workmen's compensation statute, LSA-R.S. 23:1101, an injured employee has a right of action against any person, other than his employer, who might be liable in tort for the injuries sustained by him. The jurisprudence of this state has said that liability of an agent or corporate officer must be determined in any tort suit.
If proven on the trial of this case, the facts alleged would be sufficient to satisfy the requirements of Articles 2315 and 2316 of the Civil Code that negligence must be the proximate cause of the fatal injury. See Boudreaux v. Falco, supra, and Adams v. Fidelity and Casualty Co. of New York, supra.
We, therefore, conclude that the plaintiff's petition states a cause of action as well as a right of action.
Defendants by exception objected to Mrs. Cacibauda's procedural capacity in that she had not qualified as natural tutrix of her minor child. That procedural capacity has now been corrected and Mrs. Cacibauda, Sr., has qualified and has received letters of tutorship in the lower court, and the objection is now moot.
The contention that the charges of negligence are lacking in particularity is without merit. If they do not conform to LSA-C.C.P. arts. 854 and 856 relating to pleading of facts, plaintiffs are entitled to amend their petition within a stated time.
Defendants' exception to the court's lack of jurisdiction over the subject matter is also without merit. An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damage was sustained. LSA-C.C.P. art. 74.
For the above and foregoing reasons, the judgment appealed from maintaining the exceptions of no cause or right of action and all other exceptions filed by defendants is reversed and the case is remanded for trial according to law. Costs of appeal shall be paid by defendants; all other costs to await final judgment.
Reversed.