255 So.2d 120 (1971)
Mertice MAXEY, Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY COMPANY et al., Defendants-Appellees.
No. 3533.
Court of Appeal of Louisiana, Third Circuit.
September 27, 1971.
Rehearing Denied October 27, 1971.
Writ Refused December 2, 1971.
*121 Pugh & Nelson by Sydney B. Nelson, Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley by Val Irion, Shreveport, for defendants-appellees.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
Plaintiff appeals from a judgment of the district court sustaining an exception of no cause of action.
Plaintiff was employed by Hunt Lumber Company, Inc. at its sawmill at Zwolle, Louisiana. While in the course of his employment, he was seriously injured. He is being paid compensation by the insurer of his employer, Aetna Casualty & Surety Company.
The present suit is one in tort against certain defendants who are stated to be executive officers of Hunt, and against Aetna which has a comprehensive general liability policy which insured executive officers, while acting in said capacity, from liability for negligent injuries to third parties. The various acts of negligence on the part of the Hunt officials are set out in Article 5 of plaintiff's petition, and consist of the following:
"A. Defendants failed to furnish plaintiff a safe place to work or to furnish equipment which should have been furnished to minimize the hazardous working conditions.
"B. Defendants failed to construct any positive stops, vertical posts, or other protective railing to prevent slabs which fall from the carriage from forcibly striking the off-bearer.
"C. Defendants failed to provide the sawyer with an unobstructed view of the off-bearer.
"D. Defendants failed to instigate procedures for culling crooked logs or otherwise processing these more carefully than straight logs.
"E. Defendants failed to install modern equipment which would automatically hoist slabs from the carriage to the roller bed without dropping them immediately next to the off-bearer.
"F. Defendants failed to furnish protective railing around the roller bed motors thus allowing plaintiff to be pressed against said motors.
"G. Defendants failed to instigate safety procedures which would insure that the carriage was clear prior to the sawyer reversing it for another cut."
Defendants filed exceptions of no cause and no right of action. Plaintiff attempted to amend by alleging substantially the same acts set forth in Article 5 of his petition, *122 but stated that defendant's officers knew or should have known of the defects in the sawmill equipment. This was done to attempt to correct the opinion by the trial judge that the defendants would be responsible to plaintiff for acts of malfeasance, but not for acts of nonfeasance. The trial judge, after considering the amended petition, adhered to his original opinion.
Plaintiff has appealed to this Court.
We have been referred to jurisprudence which indicates that a corporate officer is liable in tort to third parties only if he has committed acts of "malfeasance." See Allen v. Cochran, 160 La. 425, 107 So. 292 (1926); Wirth v. Albert, 174 La. 373, 141 So. 1 (1932); Daigle v. Cobb, 175 So.2d 392 (La.App. 4 Cir. 1965). Other cases indicate that an executive officer of the corporation is personally liable in tort only if he is chargeable with "personal negligence," or "independent negligence." See Berry v. Aetna Casualty and Surety Company, 240 So.2d 243 (La.App. 2 Cir. 1970); Eschmann v. Moyer, 253 La. 818, 220 So.2d 86 (1969); Boudreaux v. Falco, 215 So.2d 538 (La.App. 2 Cir. 1968); Hebert v. Blankenship, 187 So.2d 798 (La.App. 3 Cir. 1966); Moak v. Link-Belt Company, 229 So.2d 395 (La.App. 4 Cir. 1969).
We think an officer or director of a corporation owes a duty to the corporation which is separate and independent of any duty which he may owe to an employee or to a third person. The duty which he owes to the corporation may include, among other things, a duty to provide safe working conditions for employees and to exercise reasonable care in protecting the corporation from legal liability. If he fails to perform a duty owed to the corporation, he may be answerable to that corporation for the damages which it sustained because of his failure or neglect. The breach of a legal duty which a corporate officer owes exclusively to the corporation, however, whether his conduct is classified as nonfeasance, misfeasance or malfeasance, is of no concern to a third party, and it does not give rise to any cause of action in tort by the latter against the corporate officer individually. LSA-C.C. Arts. 2315, 2316; Sampson v. Schultz, 242 So.2d 363 (La.App. 2 Cir. 1970); Berry v. Aetna Casualty & Surety Company, supra; Adams v. Fidelity & Casualty Company of New York, 107 So.2d 496 (La.App. 1 Cir. 1958); 19 C.J.S. Corporations § 846, page 273; 19 Am.Jur.2d Corporations, Sec. 1388, page 784.
The only duty which an executive officer of a corporation owes to a third person, whether he be an employee of the corporation or a complete stranger, is the same duty to exercise due care not to injure him which any person owes to another. If an injury is sustained by a third party as the result of the independent negligence of the corporate officer, or as the result of a breach of the duty which that officer, as an individual, owes to the third party, then the injured third party may have a cause of action for damages against the officer personally. See LSA-C.C. Arts. 2315 et seq. Insofar as the personal liability of the corporate officer to the third party for damages is concerned, however, it is immaterial whether his breach of duty towards the third person also constitutes a breach of duty to the corporation. Sampson v. Schultz, supra; Berry v. Aetna Casualty & Surety Company, supra; Adams v. Fidelity & Casualty Company of New York, supra.
Plaintiff alleges as the basis for his demands in the instant suit that the defendant corporate officers were negligent in several particulars. A careful examination of plaintiff's petition convinces us, however, that each of these alleged acts of negligence, if proved, would constitute a breach of duty which the officers owed only to the corporation. We find no allegation in the petition to the effect that the defendants breached a legal duty which they, as individuals, *123 owed to plaintiff. Under those circumstances we agree with the trial judge that the petition fails to state a cause of action.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.
CULPEPPER, Judge (concurring).
I differ from the statement of law in the majority opinion. Nevertheless, I find that plaintiff has failed to allege a cause of action.
Generally, I agree with the law stated in Adams v. Fidelity & Casualty Company of New York, 107 So.2d 496 (La.App. 1st Cir. 1958) as commented upon in Malone & Guerry, Studies in Louisiana Torts Law, 523-525. In the Adams case the widow of an employee sued certain co-employees and officers of the corporate employer, seeking damages for the wrongful death of her husband. He was killed when struck by an iron reel, which fell from a stack of steel in the employer's yard. The court held a cause of action was alleged only as to those corporate officers or employees who had knowledge of the hazard and, by virtue of their positions, had the duty and the authority to remove the hazard. Under this rationale, the court found the president of the corporation, who had no knowledge of the hazard, was not liable simply because of his position. It also held that the driver of the truck which hauled the iron reel in question was not liable, since, even though he had knowledge of the hazard, he had no duty or authority to correct the dangerous condition. However, the court found a cause of action was stated against the safety director, the warehouse superintendent and the vice-president in charge of these particular operations, since they knew about this dangerous condition, had the duty and authority to correct it and failed to do so.
Malone & Guerry, Studies in Louisiana Torts Law, at page 524, comments on the Adams case as follows:
"In considering the Adams decision it should be borne in mind that the agent should not be held responsible to a third person for his mere failure to perform an affirmative duty toward his principal unless (a) the principal owed a duty of care toward the third person, and (b) this same duty was delegated to the agent, who undertook its performance. When both these conditions have been met it will be found that the agent, by failing to perform his duty, has deprived the third person of the protection to which the latter was entitled and which, presumably, he would have received from the principal if the agent had not undertaken its performance. Under these circumstances the failure of the agent serves as a positive interference with the third person's right to reasonable protection by the principal, and his negligence becomes something more than nonfeasance.
"But the converse is also true. When the principal is not encumbered with any duty toward the third person or, even if he is so encumbered, he has not delegated its performance to the agent, there is no reason why mere nonfeasance by the agent should result in his liability."
Malone points out that the Restatement, Agency, § 354 (2d Ed. 1958) has adopted a similar rule imposing "on the agent a duty of care toward third persons whenever his failure to act without negligence would serve to deprive the third person of some protection owed the latter by the principal."
Applying these rules and their rationale to the present case, I find plaintiff's original petition alleges only that the defendant executive officers were negligent in failing to furnish plaintiff a safe place to work and to install certain safety devices. In a supplemental petition, plaintiff added the allegations that the defendant executive officers *124 had (1) knowledge of the hazard and (2) the power to remove the hazard. There is no express allegation that the principal, i. e., the corporation, had a duty to provide safe working conditions but this can be inferred from the mere existence of the employer-employee relationship. However, neither of plaintiff's petitions allege that the duty owed by the corporation to the decedent to furnish safe working conditions was delegated to these defendant executive officers nor that they undertook the performance of this duty. Under the rules which I have stated above, this is an essential element in plaintiff's cause of action. I therefore agree that no cause of action is stated.
For the reasons assigned, I concur with the majority decision.