CRAIN, Judge.
This suit involves a claim by an employee against executive or supervisory co-employees for damages from personal injuries sustained in an industrial accident. Mack Arthur Sanders, the plaintiff-appellant, filed suit against Nugent Steel and Supply Company, Inc., his employer, James A. Nugent, and Jake L. Nugent, supervisory co-employees, and Eaton, Yale and Towne Manufacturing Company, Inc., the manufacturer of a chain whose alleged failure caused the accident in question. Prior to the trial, Nugent Steel and Supply Company, Inc. was dismissed as defendant by consent of the parties.
In the lower court, the appellant contended that while he was engaged in the course and scope of his employment with Nugent Steel and Supply Company, Inc., he was' operating a beam punch when suddenly the chain which supported the beam punch broke. The chain fell striking appellant on the head and shoulder, and the beam punch fell striking appellant on his foot causing him severe injuries. The alleged negligence of the manufacturer in designing or manufacturing the chain which broke was not a serious issue in the case and we find no manifest error in the trial court’s dismissal of the action as against Eaton, Yale, and Towne Manufacturing Company, Inc.
The central issue of the case concerns the alleged negligence of appellant’s super *891 visors, James and Jake Nugent. The trial court found no liability on the part of either defendant and from this decision, the appeal is taken.
The record reveals that James Nugent and Jake Nugent were employed by the corporation in primarily supervisory functions. James Nugent was the primary bookkeeper and record keeper of the corporate employer, while Jake Nugent was the chief supervisor of operations, maintenance and safety. Plaintiff-appellant contends that the Nugents owed him a duty to provide a safe place to work and that they failed to use reasonable care to provide these safe working conditions. The primary alleged acts or omissions giving rise to the alleged negligence of these officers was the failure to provide adequate safety procedures and measures to be employed in the plant, the failure to properly maintain the equipment in the plant including the chain in question, the failure to design and set up a safe apparatus to be used in the beam punch operation and the failure to hire adequately trained maintenance personnel.
The trial court found the following facts:
“Nugent Steel bought a one-half ton Yale Midget Key hoist at a bankruptcy sale approximately two years prior to the accident; that this said hoist was brought into the plant; and that after an initial inspection, the hoist was used without incident until the date of the accident.”
The roller chain in question was purchased as part of the apparatus and was used to support a beam punch in a hook-up or design prepared by the Nugents. The evidence is that the chain broke causing the beam punch to fall striking plaintiff-appellant’s foot. No evidence was introduced to fully establish where the chain broke or the actual cause for its break.
Jake Nugent supervised operations. He had established no safety procedures such as load testing, nor arranged for any safety back-up system to keep the beam punch from falling in the event the chain broke. However, he visually inspected the operation, and had a maintenance supervisor whose job it was to see that the equipment was in proper operating condition. There was nothing in the appearance or past performance of the beam punch which would indicate that the chain might break, and therefore nothing to place the supervisor on notice that working conditions were not safe.
The law of this state relative to the right of action of employees as against executive or supervisory co-employees for personal injuries sustained while on the job in the course and scope of their employment is well settled. If the injured employee can establish that the co-employee owed him a duty independent of the duty owed by the co-employee to his employer for the benefit of all employees as a whole, then upon establishing the breach of the duty and the requisite causation, recovery will be allowed. Lejeune v. Liberty Mutual Insurance Co., 261 So.2d 280 (La.App.); Dulaney v. Fruge, 257 So.2d 827 (La.App.), writs refused, 261 La. 482, 259 So.2d 921; Chabina v. Travelers Insurance Company, 251 So.2d 414 (La.App.); Maxey v. Aetna Casualty & Surety Co., 255 So.2d 120 (La.App.), writs refused, 260 La. 123, 255 So.2d 351; Adams v. Fidelity and Casualty Co. of New York, 107 So.2d 496 (La.App.).
 Appellant argues that Chabina v. Travelers Insurance Company, 251 So.2d 414 (La.App. 1st Cir., 1971) stands for the proposition that executive officers owe to the employees the duty of providing a reasonably safe place to work. This is true provided the executive officers are aware of special circumstances which render working conditions unsafe and give rise to an independent duty on the part of the officer to the employee. Otherwise, the general requirement that working conditions be safe is a duty of the corporation *892 and falls under the rule of Maxey v. Aetna Casualty and Surety Co., 255 So.2d 120 (La.App. 3rd Cir. 1971) disallowing recovery against the supervisory employees for such failure. There must be a personal tort by the officer against the employee to support a damage suit. Adams v. Fidelity and Casualty Co. of N. Y., 107 So.2d 496 (La.App. 1st Cir.).
We find no manifest error in the trial court’s conclusion that defendants had no knowledge that the maintenance and safety procedures employed involving the beam punch apparatus, and the chain were not sufficient to prevent the mishap which occurred. Also defendant-appellees had no reason to believe that the maintenance personnel in charge of carrying out these procedures were not sufficiently skilled to perform their tasks in a satisfactory manner. The maintenance of the chain was properly delegated to the maintenance personnel and the appellees were perfectly reasonable in trusting them with this responsibility.
Appellant has also urged that the appellees were negligent in failing to use reasonable care to design the particular apparatus and method of operation involving the beam punch to avoid undue hazards to employees operating the apparatus. Taking the position most favorable to appellants and assuming that the defendant-ap-pellees owed an independent duty to appellant regarding the employment of a reasonably safe design and mode of operation, we agree with the trial court’s finding that the appellant failed to sustain his burden of proving a breach of that obligation. The expert testimony adduced at the trial was conflicting regarding the safety of the apparatus as it was designed and was utilized. One of the experts stated that a reasonable man could design the apparatus in the fashion that the defendant-appellees adopted. In fact that particular set-up had been used for a long time without any prior incident which would give defendant-appellees any reason to believe that it was not reasonably safe. Consequently there is no manifest error in the trial court deciding the appellees were not negligent in the design of the beam punch apparatus.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.