ELLIS, Judge:
This is a suit for damages for personal injuries suffered by plaintiff Marvin Blackwell while in the course and scope of his employment with Union Tank Car Company. Defendants are Joseph F. Caldwell, plant manager for Union, and Fireman’s Fund Insurance Company, Mr. Caldwell’s liability insurer, in his capacity as an executive officer of Union. The case was submitted to the trial court on a stipulation of facts, and judgment was rendered dismissing plaintiff’s suit. Plaintiff has appealed.
The facts are summarized in the trial judge’s reasons for judgment as follows:
“According to the stipulation of facts, Mr. Caldwell, as plant manager, was the *926 highest ranking employee at the Baton Rouge facility. On July 14, 1970, in his capacity as plant manager, Mr. Caldwell was making a regular inspection tour of the plant, accompanied by several employees, including Mr. O. L. Turner, service manager, and Mr. C. T. Schoef-fler, a repair supervisor. During this inspection tour, a valve was discovered leaking steam. Mr. Caldwell instructed Mr. Turner to attempt to tighten the valve but in so doing Mr. Turner broke one side of the valve bonnet. Then Mr. Caldwell instructed Messrs. Turner and Schoeffler to “tag out” the valve, meaning that a special red tag was to be placed on the valve to warn that it was inoperative and not to be used. Without waiting to see that his instructions were carried out, Mr. Caldwell continued on his way. This incident occurred at about 3:00 p. m. and at about 4:00 p. m., according to his regular custom, Mr. Caldwell left the plant. The defective valve was not “tagged out” and the accident injuring Mr. Blackwell, who was working the night shift, occurred at about 10:00 p. m. as he was about to commence the steam cleaning of a tank car. Neither Mr. Blackwell nor his helper, Daryl Buoy, noticed that the valve bonnet was broken and when Mr. Buoy tried to manipulate the valve he broke the other side of the bonnet so that steam gushed out of the valve and into the hose which Blackwell was holding, at high pressure. This caused Blackwell to drop the hose and to sustain considerable steam burns.”
This is the latest in a series of cases involving the personal liability of owners, officers, executives and shareholders of a company to its employees for personal injuries suffered in the course and scope of their employment. Because of differences in the treatment of the problem presented thereby, conflicting lines of authority seem to have emerged from the Courts of Appeal.
It is generally recognized that an executive officer of a company is neither exempt from nor subject to liability to an injured employee of the company by virtue of his position and responsibilities. He is answerable to an employee of the company for the consequences of his independent negligence as he would be to any person. Adams v. Fidelity and Casualty Co. of New York, 107 So.2d 496 (La.App. 1 Cir. 1958) ; Berry v. Aetna Casualty & Surety Company, 240 So.2d 243 (La.App. 2 Cir. 1970); Maxey v. Aetna Casualty & Surety Company, 255 So.2d 120 (La.App. 3 Cir. 1971).
In most of these cases, the plaintiffs have attempted to find the officers liable because of their failure to provide a safe place to work. The courts have been unable to agree as to the extent or even the existence of such a duty on the part of the officer. For instance, in the Maxey case, supra, and in Dulaney v. Fruge, 257 So.2d 827 (La.App. 3 Cir. 1972), the court stated that if the responsibility of the officer is to provide for safe working conditions, he owes that duty to his employer, the company, and would be responsible to it for whatever damages it might suffer because of his negligence, and that no cause of action is created in favor of a third party because of his breach. The court further held that the officer can become personally liable only in the event of injury to a third party, whether an employee or not, resulting from his negligence or the breach of a duty owed by him personally to that party. In these two cases, as in the more recent case of Lejeune v. Liberty Mutual Insurance Company, 261 So.2d 280 (La.App. 3 Cir. 1972), the court seems to have found that the duty to provide safe working conditions is owed by the officer to the employer and not to the employee.
In Johnson v. Schneider, 271 So.2d 579 (La.App. 1 Cir. 1972), it was held that an officer of a company, to whom is delegated the responsibility of providing a safe place to work, and who undertakes the perform- *927 anee thereof, personally owes a duty to the employees to do so, and can be found liable upon a breach of this duty.
In Sanders v. Nugent Steel & Supply Co., Inc., 273 So.2d 889 (La.App. 1 Cir. 1973), it was held that an employee must establish a duty owed directly to him by the officer, independent of the general duty owed to all employees by the employer to provide a safe place to work, and must show a breach thereof.
In Martin v. Garlotte, 270 So.2d 252 (La.App. 1 Cir. 1972), the court said:
“Although different courts have discussed the question in different terms, it would appear that liability arises in such cases under Article 2315 et seq. of the Civil Code, and not because of any relationship created by the employment contract. There must be a direct duty owed by the executive to the employee, breached by the executive, and resulting in injury to the employee.”
More specifically, several cases have said that liability on the part of the officer arises when there exists a hazardous condition of which the officer has knowledge and which he has failed to remedy, although charged with the responsibility to do so. See Cacibauda v. Gaiennie, 222 So.2d 632 (La.App. 4 Cir. 1969); Boudreaux v. Falco, 215 So.2d 538, 541 (La. App. 1 Cir. 1968); Berry v. Aetna Casualty & Surety Company, supra; Chaney v. Brupbacher, 242 So.2d 627 (La.App. 4 Cir. 1970); 46 T.L.R. 352 (1971).
It is, of course, impossible to harmonize the various decisions hereinabove referred to, and no attempt will be made to do so. We think it sufficient to state that all of these cases deal with liability arising under Articles 2315 et seq. of the Civil Code. Plaintiff must establish the breach of a duty owed directly to him by the defendant officer, and injury resulting therefrom. Each case must be decided on its own facts.
 In this case, the defendant knew of the hazardous condition, having personally discovered its existence. He immediately directed that steps be taken to protect the employees therefrom and for its repair. The subordinate to whom these instructions were given failed to carry them out and plaintiff was injured.
Undoubtedly, defendant owed plaintiff a duty to protect him from a dangerous condition of which defendant had knowledge. We find, .. however, that defendant discharged that duty when he issued proper orders for the protection of the employees. An officer cannot be required to anticipate or forestall the possible negligence of his subordinates in carrying out their instructions. Chabina v. Travelers Insurance Company, 251 So.2d 414 (La.App. 1 Cir. 1971). Nor can an officer be held responsible once he has delegated to a competent subordinate the task of correcting a hazardous condition. Johnson v. Schneider, supra; Harris v. Patent Scaffolding Company, 277 So.2d 483 (La.App. 1 Cir. 1973). We find no negligence on the part of defendant.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.