280 So.2d 584 (1973)
John SAUCIER
v.
U. S. FIDELITY AND GUARANTY COMPANY et al.
No. 5572.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1973.
*585 Roy M. Maughan, Baton Rouge, for plaintiff-appellant.
Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans, for defendants-appellees.
Before GULOTTA, STOULIG and BOUTALL, JJ.
GULOTTA, Judge.
This is an appeal from a judgment maintaining an exception of no cause of action dismissing plaintiff's suit ex delicto against corporate officers and their liability insurer.
The petition alleges that the executive officers of Circle, Inc., plaintiff's employer, while in the course and scope of their employment removed, caused or allowed to be removed, or knew, or should have known, about the removal of a protective wire screen from the engine fan of a dragline. Plaintiff's hand was injured when it came in contact with the fan.
Exceptions of no cause of action were filed by M. J. Wolfe, Arnold Wolfe, and their liability insurer, U.S. Fidelity & Guaranty Company. The trial judge maintained defendants' exception[1] on the grounds that the duties alleged to have been violated were duties owed by the individual defendants to the corporation as opposed to duties owed by them in their individual capacity personally to the plaintiff.
We are faced with the question of the duty imposed on corporate officers to third-party employees and whether the petition alleges a breach of that duty.
Our jurisprudence has recognized a distinction between the duty owed by a corporate officer to the corporation and that owed individually to third person coemployees.
The court in the case of Maxey v. Aetna Casualty & Surety Company, 255 So.2d 120 (La.App. 3rd Cir. 1971), in holding that a petition alleging defendant failed to install safeguards in sawmill machinery failed to state a cause of action against the corporate officers personally, clearly sets out the distinction on page 122 of its opinion as follows:
"We think an officer or director of a corporation owes a duty to the corporation which is separate and independent of any duty which he may owe to an employee or to a third person. The duty which he owes to the corporation may include, among other things, a duty to provide safe working conditions for employees and to exercise reasonable care in protecting the corporation from legal liability. If he fails to perform a duty owed to the corporation, he may be answerable to that corporation for the damages which it sustained because of his failure or neglect. The breach of a *586 legal duty which a corporate officer owes exclusively to the corporation, however, whether his conduct is classified as nonfeasance, misfeasance or malfeasance, is of no concern to a third party, and it does not give rise to any cause of action in tort by the latter against the corporate officer individually. * * *"
The court went on to say:
"The only duty which an executive officer of a corporation owes to a third person, whether he be an employee of the corporation or a complete stranger, is the same duty to exercise due care not to injure him which any person owes to another. If an injury is sustained by a third party as the result of the independent negligence of the corporate officer, or as the result of a breach of the duty which that officer, as an individual, owes to the third party, then the injured third party may have a cause of action for damages against the officer personally. See LSA-C.C. Arts. 2315 et seq."
We held in the case of Dever v. Employers Liability Assurance Corp., Ltd., 266 So.2d 455 (La.App. 4th Cir. 1972), that failure to provide periodic inspections of an air system did not violate the duty corporate officers personally owed to an employee, i. e., to use due care not to injure him, citing Louisiana Civil Code 2315 et seq. See also Berry v. Aetna Casualty & Surety Company, 240 So.2d 243 (La.App. 2nd 1970).
In Dulaney v. Frugé, 257 So.2d 827 (La.App. 3rd Cir. 1972), plaintiff sustained injuries in an oil well fire and sought to recover from the executive officers of his corporate employer for the officers' failure to provide proper safety procedures and safe equipment on a diesel engine. The court, in finding for defendant, reasoned that even if defendant failed to provide proper safety procedures and safe equipment, such failure constituted a breach of duties owed exclusively to the corporation and not to plaintiff.
It is significant in the foregoing cases relief was denied when sought against the corporate officers personally based on the defendant's failure to provide safety devices or safety procedures.
However, in Adams v. Fidelity and Casualty Co. of New York, 107 So.2d 496 (1958) the Court of Appeal, First Circuit, held that a cause of action is alleged by a coemployee against corporate officers individually where the officers saw or should have seen an iron reel in a perilous or dangerous position and failed to remove the hazard resulting in the coemployee's death. In rejecting the corporate officer's defense that the allegations state only a breach of duty owed to the corporation and not to third-party employees because the petition alleges a failure to perform a duty or "non-feasance" and did not allege an active and affirmative negligent act or willful and deliberate act, the court stated on page 508:
"We believe that the better rule is stated in American Jurisprudence supra, in which it is stated therein that `the more direct and fundamental rule, accepted in principle at least by all the authorities, is that a director, officer, or agent of the corporation is liable to third persons for injuries proximately resulting from his breach of duty to use care not to injure such persons, whether that breach is one of omission or commission.' In effect, this rule was followed in the Washington case, when the court stated: `Every one is under the obligation, whether his role be that of an agent or owner, of not allowing things subject to his control to injure another, either because of active or passive negligence and whenever property in one's control becomes dangerous to third persons, there is the duty to act affirmatively. It matters not whether active or passive negligence causes the ultimate result.'"
Further, in 1969 in the case of Cacibauda v. Gaiennie, 222 So.2d 632 (La.App. 4th Cir. 1969), we held that a complaint alleging that a plant manager who knew of defective condition of equipment (a hoist or conveyor) and failed to take steps to rectify *587 the hazard stated a cause of action against the corporate plant manager personally for the wrongful death of a coemployee. In Cacibauda, we stated that the allegations in that case were similar to those in the Adams case.
We also held a corporate officer personally liable for failing to provide a coemployee with a working place and conditions which are reasonably safe considering the nature of the work in the case of Chaney v. Brupbacher, 242 So.2d 627 (La.App. 4th Cir. 1970). In that case, where an employee was electrocuted, the corporate vice president and superintendent was held to be negligent and personally liable in ordering a crane moved to or allowing it to remain in dangerous proximity to a wire without removing the boom center portions to reduce its height below the wire. The court stated that the corporate officer created or permitted a dangerous situation to exist.
Certain conclusions, among others, can be drawn from this line of jurisprudence. A corporate officer owes an independent duty to the corporation separate from that owed to an employee or third person. The duty, among others, owed to the corporation includes a responsibility to provide safe working conditions for employees and to exercise reasonable care in protecting the corporation from legal liability. The duty owed by the corporate officer to a third person coemployee of the corporation is to exercise due care not to injure him, i. e., that duty which any person owes to another under LSA-C.C. arts. 2315, 2316, and 2317.[2]
Though recognizing the foregoing distinction, defendants reasonably theorize that under the foregoing line of jurisprudence, and particularly the Dever case, that failure to provide periodic inspection of an air system and in the Maxey case the failure to have knowledge of and install proper guards on sawmill machinery did not violate the officer's duty to use due care owed to the third party plaintiff employee. They argue, applying the language and holdings of Devers and Maxey to the instant case, a petition alleging failure to provide a fan with a protective screen is not a sufficient allegation of a breach of a duty to state a cause of action against an executive officer for damages sustained by an employee. Defendants point out that failure to provide safe working conditions or safe work procedures are duties owed to the corporation. We do not disagree with this argument.
However, we find no merit in defendants' further rationale that the allegation in the instant case that the screen was removed or caused to be removed, as compared to a protective device not being installed (as in Maxey), provides no viable distinction and that the allegations in this matter are within the ambit of the Dever and Maxey case. Plaintiff's petition in paragraph 1, in referring to the negligence of exceptors, the individual corporate officers, and their liability insurer, among other things, states,
"* * * While in the course and scope of their employment caused to be removed or knew or should have known about the removal of a protective wire screen from the engine fan of a dragline and were thereby negligent * * *." (emphasis ours)
Again, in paragraph 4 of the petition, plaintiff alleges, among other things, that *588 the executive officers, agents and/or employees of Circle, Inc. negligently removed or caused a protective screen to be removed. The petition alleges not only a failure (as in Dever, Dulaney, and Maxey) to provide a machine with a protective guard, but it alleges that the executive officers by their action caused a condition to exist (as in Adams and Cacibauda), or created a condition (as in Chaney) which was allegedly unsafe resulting in the alleged injury. The allegations in these paragraphs state a cause of action against corporate officers personally for damages ex delicto under LSA-C.C. art. 2315 et seq.
Accordingly, the judgment of the trial court maintaining defendants' exceptions of no cause of action and dismissing plaintiff's suit is reversed and set aside. This matter is now remanded for further proceedings consistent with the foregoing.
Reversed and remanded.
NOTES
[1] The petition alternatively is directed against Northwest Engineering Company, manufacturer of the dragline. The exceptions were filed not by Northwest, but by the corporate officers of Circle, Inc., and their liability insurer.
[2] LSA-C.C. art. 2315 reads:

"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. * * *"
and LSA-C.C. art. 2316 reads:
"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."
and LSA-C.C. art. 2317 reads:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."