BOLIN, Judge.
While employed as a roughneck by Rex Drilling Company, Inc. William L. Masters was killed during the course and scope of his employment. The present suit was instituted on behalf of his children seeking damages for his wrongful death, alleging the negligent acts of officers of the drilling company were the proximate cause of the accident which resulted in the death of Masters. Made defendants were Rex Drilling Company, Inc., and Fidelity and Casualty Company of New York, the liability insurer of the executive officers of the drilling company. The suit against Rex Drilling Company was dismissed and the case went to trial against the insurance company. For written reasons the district judge found none of the parties covered under the insurance policy issued to the drilling company.were guilty of actionable negligence and rendered judgment reject *670 ing plaintiffs’ demands. Having so found, the trial court did not pass on the alternative plea of contributory negligence filed by defendant. From this judgment plaintiffs appeal and we affirm the judgment of the lower court.
This suit is predicated on the provision of Louisiana Revised Statutes 23:1101 which allows an injured employee, or in case of death, his survivors to bring an action against any third person whose negligence was a cause of the damages sustained, even if the injured employee or survivors of a deceased employee were also entitled to receive workmen’s compensation benefits from the employer.
While there are many possible issues in the case, we think it appropriate first to ascertain if any officer of Rex Drilling Company breached any duty of care toward the employee which proximately caused the death of William L. Masters.
The record reflects the accident occurred when Masters was struck in the side by some drilling equipment. The force of this impact in turn knocked him into a leg of the oil derrick. The initial impact rendered Masters unconscious and he died approximately 45 minutes later without having regained consciousness. The accident was caused when a 300-pound wrench-like “back-up” tongs which Masters was operating, and which had been secured to the derrick leg at one end by a safety or “snub” line attached to the tongs handle, and tightened around the drilling pipe at the other end, came loose from the line, and, while still attached to the drill pipe, swung in a short arc and struck the deceased.
The “back-up” tongs were affixed to the end of a steel cable by means of an “eye” on the end of the cable. The eye of the cable was formed by looping the end of the cable and plaiting it back into itself. A safety clamp was then placed between the loop and plaiting so as to ensure the eye would not slip and become unplaited. The accident was caused by too much pressure being placed on the back-up tongs by an employee who operated a machine on the floor of the derrick. The cable slipped in the vicinity of the eye, became unplaited, resulting in the striking of Masters and his ultimate death.
Plaintiffs introduced the testimony of several witnesses in an effort to prove that the cable was improperly affixed to the back-up tongs, which was the cause of the accident; that if the executive officers of Rex Drilling Company had instructed their employees to take the necessary safety measures the accident would not have happened. Plaintiffs contend, among other things, that the use of a metal “thimble” inside the eye at the end of the cable would have prevented the accident. It was also contended that the use of more than one safety clamp would have prevented the accident. However, plaintiffs’ own expert witness testified that the cable did not break but apparently became unplaited. This witness also testified that he had never known of the eye of a steel cable to come loose under these same circumstances, and that the use of a “thimble” in the eye would not have prevented the accident. We find the cable was affixed to the back-up tongs in a safe and workmanlike manner; that the cause of the accident was unforeseeable and in no way related to any negligent acts of Rex Drilling Company’s executive officers.
There was some conflict and uncertainty in the Louisiana decisions in “executive officer” cases, with one line of jurisprudence following Adams v. Fidelity & Casualty Company of New York, 107 So.2d 496 (La.App.1st Cir. 1958) and the other line of cases following Maxey v. Aetna Casualty & Surety Company, 255 So.2d 120 (La. App.3d Cir. 1971). The Supreme Court in Canter v. Koehring Company, 283 So.2d 716 (La.1973), resolved this conflict and approved the rationale as enunciated in Adams and its progeny, and disapproved the conflicting line of decisions following Maxey.
As related to the facts of the instant case, we find plaintiffs must show *671 that some executive officer of Rex Drilling Company breached a duty owed to the employee Masters, and that the breach of this duty was a proximate cause of plaintiffs’ injury. There is no evidence to substantiate such a finding. The only negligence or breach of duty that could possibly have,caused the death of Masters was that of the operator of the machine who was controlling the pressure on the snub line leading to the back-up tongs. There is no evidence in the record that this employee was not competent and experienced or that any officer of Rex Drilling Company had failed to exercise due care in the selection or supervision of any of its employees. This employee is not a defendant and neither Rex Drilling Company nor its insurer is vicariously liable for the negligence of this employee in an executive officer case.
Having decided plaintiffs have failed to prove negligence against any of the insureds of Fidelity, it is unnecessary for us to pass on the other issues.
For the foregoing reasons the judgment of the lower court is affirmed at appellants’ cost.