415 So.2d 478 (1982)
Janet M. Donnelly, Wife of/and Patrick J. DONNELLY
v.
Noble HANDY and Handy Homes of Slidell, Incorporated.
No. 14815.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*479 Mark Alan Jolissaint, Slidell, for plaintiffs, appellants.
Randolph C. Slone, Slidell, for defendants, appellees.
Before COVINGTON, COLE and WATKINS, JJ.
COLE, Judge.
The single issue before us is whether or not plaintiffs have stated a cause of action against defendant Noble Handy. Because we conclude they have not, we affirm the judgment of the trial court.
Plaintiffs Janet M. Donnelly and Patrick J. Donnelly entered into a building contract with Handy Homes of Slidell, Inc. (Handy Homes), represented by Noble Handy, president. The contract concerned the construction of plaintiffs' residence and was clothed with the formality of an authentic notarial act. Following the contractual provisions relative to construction of the home, Mr. Handy intervened in the contract and bound himself individually for the sole purpose of indemnifying the Donnellys for any workmen's compensation claims made against them.[1] The contract was signed by Noble Handy, "as President" and again by Noble Handy, "individually."
Various disputes arose between the parties as to the quality of the construction, and after arbitration efforts failed, plaintiffs filed this suit. Mr. Handy filed an "exception of no right and/or cause of action,"[2] alleging the contract had been entered into by the corporation (except for the workmen's compensation aspect) and therefore plaintiffs had no remedy against him as an individual. The trial court agreed and rendered judgment in favor of Mr. Handy and dismissed plaintiffs' suit as to him. Plaintiffs then filed this appeal.
As a preliminary matter, it is apparent from the contract (attached to the petition as an exhibit) the agreement to build the residence was between the corporate entity, Handy Homes, and the Donnellys. Mr. Handy signed as an individual only in relation to the workmen's compensation matter. Therefore, there is definitely no cause of action against him as to a breach of contract claim. This is so because a corporation is a separate entity from its members. La.Civ.Code art. 435.[3]
However, plaintiffs contend their petition states a cause of action in tort against Mr. Handy individually. Paragraph fifteen of the petition reads as follows:
"In addition to the breach of contract hereinabove outlined, plaintiffs assert that the defects in materials and workmanship, that in substantial measure, contributed to this breach of contract were caused solely by the negligence of Noble Handy in failing to properly supervise, inspect, govern, control, and manage *480 the construction that formed the purpose of this contract."
When considering whether or not plaintiff has stated a cause of action we must accept all well-pleaded facts in the petition and information in the attached documents as true. Any doubt must be resolved in favor of the sufficiency of the pleading to state a cause of action. Guillory v. Nicklos Oil and Gas Company, 315 So.2d 878 (La. App. 3d Cir. 1975).
Our research has revealed there are circumstances under which a corporate officer will be held personally liable for tortious acts. Professor Harry G. Henn made the following statement in his treatise, Law of Corporations, § 234 (1970):
"Obviously, if directors or officers (or other corporate agents or employees) act negligently to persons other than the corporation and cause or threaten damage to such persons or commit other torts against such persons, such corporate personnel would be responsible to such third persons according to the ordinary principles of tort law, and if such acts were committed during the scope of corporate activity, the corporation would be vicariously responsible to such third persons under the doctrine of respondeat superior. Such torts might or might not involve breach of duty to the corporation."
This matter is discussed at 19 Am.Jur.2d Corporations § 1388. There it is observed that at one time a corporate officer would be liable to third persons if the officer had been guilty of misfeasance or malfeasance (acting wrongfully) because this was said to involve a duty to the third person. If, however, the officer had been guilty only of nonfeasance (failure to act), then this was said to be a duty toward the corporation only and was not actionable by a third person. Various courts cited by Am.Jur.2d have criticized this approach as superficial and the following analysis is suggested to determine personal liability of a corporate officer.
"One proper method of approach is to inquire whether the director, officer, or agent has failed to perform some duty which he owed to the person claiming to be aggrieved. In the determination of such liability the questions to be decided are: (1) Was there any duty on the part of the director, officer, or employee to use care not to injure the third person involved? (2) Did the act or omission of the director, officer, or employee constitute a breach of that duty? In accordance with these inquiries, the rule accepted in principle by the authorities is that a director, officer, or employee of a corporation is liable to third persons for injuries proximately resulting from his breach of duty to use care not to injure such persons, whether that breach is one of omission or commission. On the other hand, a director, officer, or employee of a corporation is not liable for injuries to third persons if he has been guilty of no act or omission causing or contributing to such injury, or if he owes no duty to such third person to use care, such as where the breach of duty complained of is one owing only to the corporation."
Louisiana courts have consistently employed this "duty analysis" in determining a corporate officer's personal liability. In Adams v. Fidelity and Casualty Company of New York, 107 So.2d 496 (La.App. 1st Cir. 1958), plaintiff, the surviving widow of an employee of defendant corporation, alleged certain corporate officers had been negligent in placing a large iron reel in a precarious position atop a stack of steel. The reel fell and killed the employee. The court refused to recognize the previous distinction between nonfeasance and malfeasance and determined the matter according to the duty owed to the plaintiff. The court concluded that an injury suffered by a third party which was due to the "breach of a legal obligation which the corporate officer or officers owed to the third party" would result in personal liability.
This duty approach has been recognized in many subsequent cases. Saucier v. U. S. Fidelity and Guaranty Company, 280 So.2d 584 (La.App. 4th Cir. 1973); Strickland v. Transamerica Insurance Company, 481 F.2d 138 (5th Cir. 1973); Richard v. Hebert's *481 Creamery, Inc., 381 So.2d 945 (La.App. 3d Cir. 1980); Canter v. Koehring Company, 283 So.2d 716 (La.1973), rehearing denied 1973.
Plaintiff relies heavily on the case of H. B. "Buster" Hughes, Inc. v. Bernard, 318 So.2d 9 (La.1975). In this case the defendant corporation, a sublessee of a barge, was carrying out a contract whereby certain buildings were moved for Plaquemines Parish. In the course of the work the barge operator inadvertently dug a canal through a portion of land that was to be used as a levee base. Plaintiff, as the sublessor, paid for the damage and then sued Bernard, individually, and his corporation, for reimbursement.
The trial court had held Mr. Bernard personally liable for failing to properly supervise the work and for failing to communicate certain information to the barge operator. The Court of Appeal, 306 So.2d 785 (La.App. 4th Cir. 1975), reversed as to Bernard's personal liability because the contract was entered into with the corporation only. The Supreme Court granted writs upon the belief that in some situations Mr. Bernard could be personally responsible.
The court recognized a cause of action for personal liability of a corporate officer under certain circumstances:
"The law is settled that if an officer or agent of a corporation through his fault injures another to whom he owes a personal duty, whether or not the act culminating in the injury is committed by or for the corporation, the officer or agent is liable personally to the injured third person, and it does not matter that liability might also attach to the corporation. Article 2315 Civil Code; Canter v. Koehring Company, La., 283 So.2d 716 (1973); ..." (Other citations omitted.)
After recognizing such a cause of action the court examined the facts of the case and concluded Mr. Bernard had not breached any duty owed to Plaquemines Parish. The court stated:
"Bernard was on the property of Plaquemines Parish because of his status as a corporate officer of the Sherman A. Bernard House Moving and Shoring Corporation. While on the property he owed personally to Plaquemines Parish the same duty which any person owes to another, that is, the duty not to cause damage to the property of the other. Under the circumstances of this case, however, we cannot and do not conclude that Bernard personally breached the duty which he owed to Plaquemines Parish."
We agree with the reasoning in Bernard and applying that reasoning to the present case, conclude plaintiffs have failed to state a cause of action against Mr. Handy. While we too recognize the possibility of tort (as opposed to contractual) liability, we find none in this case because Mr. Handy owed no personal duty to the Donnellys. The duty he owed (as alleged by the petition) was to properly "supervise, inspect, govern, control and manage the construction." This was a duty owed by Mr. Handy to the corporation exclusively (by virtue of his employment relationship) and by the corporation to the Donnellys (by virtue of the contract) but not by Mr. Handy to the Donnellys.
Although at first blush the facts of Bernard may seem very similar to the facts of the present case, there is an important distinction in the nature of the alleged duty. In Bernard, the court noted that while Mr. Bernard was on Plaquemines Parish property he owed the same duty as any other person so located, i.e., the duty not to destroy the property. Likewise, Mr. Handy, while on the Donnellys' premises, owed them the duty not to destroy their property. Had the Donnellys alleged Mr. Handy had negligently damaged their property, a cause of action would have been stated. But the allegation of negligent supervision is of a different nature completely.
We cannot say Mr. Handy owed a personal duty to the Donnellys to properly supervise the work. Unlike the duty not to destroy another's property, the duty to supervise is not a duty that exists between all persons. It exists between some persons (such as Handy Homes and the Donnellys) *482 by virtue of a contract.[4] Here, Mr. Handy's duty to supervise was inherent in his relationship with the corporation, not contingent upon the contract or any duty owed generally to third persons. There is no independent negligence involved which violates a duty owed generally by any person to another. The basis of the complaint is within the scope of the contract which is a matter solely between the corporation and plaintiffs. Since Mr. Handy did not owe any personal duty and was not a party to the contract, plaintiffs' allegations fail to state a cause of action against him, either in contract or in tort.
For these reasons, the judgment of the trial court is affirmed. Plaintiffs-appellants are to pay all costs.
AFFIRMED.
NOTES
[1] The clause states: "Now, to these presents intervenes Noble Handy, individually, solely for the purpose of agreeing to indemnify Owner for his costs, charges, etc., in connection with any Workmen's Compensation claims made against Owner."
[2] For an analysis for this pleading device, see Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977).
[3] "Corporations are intellectual beings, different and distinct from all the persons who compose them."
[4] This duty could be implied from any contract but is expressed specifically in the contract in this case as follows:

"Contractor hereby covenants and agrees with Owner to erect and finish, in accordance with the conditions hereinafter set forth, in a good and workmanlike manner ... a residence on the property of Owner...." (Emphasis added.)